# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM STONE,

UNPUBLISHED
August 5, 2014

Plaintiff-Appellee,

APPROVED FOR
PUBLICATION
October 7, 2014
9:10 a.m.

v

No. 314427
Wayne Circuit Court
LC No. 11-010184-NF

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellant.

Before: WILDER, P.J., and SAAD and K. F. KELLY, JJ.

WILDER, P.J.

In this action for survivor's loss benefits under the no-fault act, MCL 500.3101 *et seq.*, our Supreme Court remanded the case to this Court for consideration as if on leave granted.[1] Defendant challenges the trial court's order denying its motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand.

I

Plaintiff seeks payment of survivors' loss benefits from defendant as the widower of Stephanie Stone, who died in an automobile accident in October 2010 while driving a 2002 Ford Taurus, which she had owned and registered. Neither plaintiff nor Stephanie obtained an insurance policy with defendant, or any other insurer, for the Taurus. However, in August 2010, plaintiff's parents, John and Linda Stone, added Stephanie's Taurus to their existing no-fault policy with defendant. Plaintiff and Stephanie had been listed as drivers under that policy since 2008. After the 2010 addition of Stephanie's Taurus, the policy continued to list "John & Linda Stone" as the "insured."

---

[1] *Stone v Auto-Owners Ins Co*, unpublished order of the Supreme Court, issued December 23, 2013 (Docket No. 147745).

-1-

The Morris W. Smith Insurance Agency ("Morris Smith") facilitated the addition of Stephanie's Taurus to the policy on Linda's behalf. Linda and Tina Abbey, the owner of Morris Smith, were each deposed. Linda said she told an agent at Morris Smith over the phone that Stephanie owned the Taurus and was not living with her and John. According to Linda, she thought she would be receiving a new policy in plaintiff's and Stephanie's name, and she paid defendant a six-month premium to cover Stephanie's vehicle, which defendant accepted. She acknowledged, however, that she received a copy of the policy listing only "John & Linda Stone" as the "insured," and delivered a copy to plaintiff. Abbey averred that, based on her review of the agency's activity notes, it was fair to say that when the Taurus was added to John and Linda's policy, no one at the agency was aware that it was owned by anyone other than John or Linda.

Following a hearing, the trial court denied defendant's motion for summary disposition on the basis that defendant accepted premiums from John and Linda and knew that Stephanie did not live with them. The trial court later denied defendant's motion for reconsideration.

II

Defendant argues that the trial court erred in denying its motion for summary disposition because Stephanie would not have been entitled to no-fault benefits under MCL 500.3114. This Court reviews de novo matters of statutory and contract interpretation, as well as the trial court's decision to grant or deny a motion for summary disposition. See *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012).[2]

As this Court stated in *Maple Grove Twp v Misteguay Creek Intercounty Drain Bd*, 298 Mich App 200, 206-207; 828 NW2d 459 (2012):

> A motion under "MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted." Summary disposition under subrule (C)(8) is appropriate "if no factual development could justify the plaintiff's claim for relief." A motion for summary disposition under MCR 2.116(C)(10) "tests the factual support of a plaintiffs' claim." In reviewing a motion under subrule (C)(10), we consider "the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." [Citations omitted.]

And as our Supreme Court stated in *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002),

> When interpreting statutory language, our obligation is to ascertain the legislative intent that may reasonably be inferred from the words expressed in the

---

[2] Despite plaintiff's assertions to the contrary, we conclude that each of defendant's arguments in support of reversal was properly preserved for appellate review.

statute. When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself, and judicial construction is not permitted. Because the proper role of the judiciary is to interpret and not write the law, courts simply lack authority to venture beyond the unambiguous text of a statute.

Courts must give effect to every word, phrase, and clause in a statute, and must avoid an interpretation that would render any part of the statute surplusage or nugatory. Further, we give undefined statutory terms their plain and ordinary meanings. In those situations, we may consult dictionary definitions. [Citations omitted.]

"Insurance policies are contracts and, in the absence of an applicable statute, are 'subject to the same contract construction principles that apply to any other species of contract.' " *Hyten*, 491 Mich at 554 (citation omitted). "The primary goal in the construction or interpretation of any contract is to honor the intent of the parties," *Klapp v United Ins Group Agency*, 468 Mich 459, 473; 663 NW2d 447 (2003) (citation and internal quotation marks omitted), but "unambiguous contracts, including insurance policies, are to be enforced as written unless a contractual provision violates law or public policy," *Rory v Continental Ins Co*, 473 Mich 457, 491; 703 NW2d 23 (2005).

A

MCL 500.3114(1) provides as follows:

Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . . [3]

Defendant argues that plaintiff is not entitled to survivors' loss benefits under the plain language of MCL 500.3114(1), and plaintiff does not argue to the contrary. There is no dispute that, at the time of the accident, Stephanie was neither married to nor living with John or Linda, and the policy at issue only names "John & Linda Stone" as the "insured." As this Court has held, the "person named in the policy" under MCL 500.3114(1) is synonymous with the "named insured," and persons designated merely as drivers under a policy (such as plaintiff and Stephanie) are neither named insureds nor "person[s] named in the policy." *Transamerica Ins Corp of America v Hastings Mut Ins Co*, 185 Mich App 249, 254-255; 460 NW2d 291 (1990);

---

[3] See MCL 500.3108 (discussing survivors' loss benefits). See also *Belcher v Aetna Cas & Surety Co*, 409 Mich 231, 255; 293 NW2d 594 (1980) ("[I]t is necessary to infer from the language of [MCL 500.3114 and MCL 500.3115] that where an injured person is given the right to recover benefits from a specific insurer, his surviving dependents have the same right of recovery for their losses.").

see also *Dairyland Ins Co v Auto Owners Ins Co*, 123 Mich App 675, 685; 333 NW2d 322 (1983). Accordingly, plaintiff is not entitled to no-fault benefits under MCL 500.3114(1).

B

Rather, plaintiff argues that he is entitled to survivors' loss benefits under MCL 500.3114(4), which allows vehicle occupants to claim benefits from the insurer of a vehicle's owner, registrant, or operator:

> Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The insurer of the owner or registrant of the vehicle occupied.
>
> (b) The insurer of the operator of the vehicle occupied.

Our Supreme Court discussed the scope of coverage under MCL 500.3114 in *Belcher v Aetna Cas & Surety Co*, 409 Mich 231, 251-253; 293 NW2d 594 (1980):

> [MCL 500.3114 and MCL 500.3115] constitute both entitlement provisions and priority provisions in certain respects. They are entitlement provisions in the sense that they are the only sections where persons are given the right to claim personal protection insurance benefits from a specific insurer. They are priority provisions in that they define the circumstances in which a particular insurance source is liable to provide personal protection insurance benefits. In most situations, where an injured person is insured or where an injured person's family member is insured under a no-fault insurance policy, the injured person seeks benefits from his own insurer [under MCL 500.3114(1)]. In situations where [ MCL 500.3114(1)] does not operate, the determination as to which insurer, if any, is liable to pay personal protection insurance benefits is made by considering the circumstances in which the injury occurred. In these instances, the relationship between the injured person and motor vehicles involved in the accident determines which insurance source is liable for the payment of benefits. [Citations omitted.]

MCL 500.3114(4) applies where the injured person is not covered by his or her own insurance or the insurance of a relative domiciled in the same household under MCL 500.3114(1), and permits the injured person to seek benefits no-fault insurers of others, including the vehicle's owner, registrant, or operator. Here, however, plaintiff argues that Stephanie would have been entitled to benefits under MCL 500.3114(4) because she was the owner, registrant, and operator of the Taurus at the time of the accident causing her death, and defendant was her insurer under the policy.

This Court has held that even if the owner, registrant, or operator of a vehicle is not a named insured under a policy, the named insured's insurer may also constitute an "insurer" of the owner, registrant, or operator under MCL 500.3114(4) if the policy expands the definition of

-4-

"insured person" beyond the named insured so as to include such persons. *Dobbelaere II v Auto-Owners Ins Co*, 275 Mich App 527, 532-533; 740 NW2d 503 (2007) ("[T]his Court has held that whether the issuer of a no-fault insurance policy is the 'insurer' of a household member or family member for purposes of MCL 500.3114(4) 'depends on the language of the relevant insurance policy.' "), quoting *Amerisure Ins Co v Coleman*, 274 Mich App 432, 436 n 1; 733 NW2d 93 (2007). Here, the policy names "John & Linda Stone" as the" insured," and plaintiff does not point to any policy language expanding the meaning of "insured" to include Stephanie.

In *Coleman*, 274 Mich App at 435, the Court turned to *Black's Law Dictionary* (7th ed) to define "insurer" as one "who agrees, by contract, to assume the risk of another's loss and to compensate for that loss." (Citation omitted.) The Court then held that the insurer of the named insured was also an insurer of the named insured's family member because the policy stated that the insurer agreed to insure the named insured and a spouse residing in the same household and also defined "insured" as including "[y]ou or any family member." *Id.* at 436.

But where a policy only provides for a named insured and does not extend coverage to other persons, the insurer is only an "insurer" of the named insured. *Id.* at 438; *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 15; 684 NW2d 391 (2004) (holding that a named insured's insurer was not an insurer of the vehicle's owner and operator under MCL 500.3114(4) where the policy did not expand the definition of "insured" so as to include the vehicle owner or operator). This is true even if the vehicle's owner, registrant, or operator could derivatively obtain no-fault benefits under MCL 500.3114(1) through a third person's policy. In *Dobbelaere*, 275 Mich App at 531, the plaintiff was injured as an occupant of a vehicle being driven by its owner, and the vehicle's owner was entitled to benefits under MCL 500.3114(1) through a no-fault policy issued to the vehicle owner's resident relative. Nevertheless, the Court held that the named insured's insurer was not the insurer of the vehicle owner under MCL 500.3114(4) because the owner was not a named insured under the policy. *Id.* at 534. In so ruling, the Court stated that unlike the policy at issue in *Coleman*, the relevant policy did not define who was an insured and its plain language did not indicate any intent by either contracting party to render the vehicle owner a contractual insured. *Id.*

Similarly, there is no dispute here that neither Stephanie nor plaintiff was a named insured in the policy at issue. Again, plaintiff does not point to any policy language evidencing the intent of either contractual party to have plaintiff or Stephanie included as a contractual insured. Further, plaintiff's argument that defendant bears the burden of demonstrating policy language that affirmatively denounces Stephanie's status as an insured is without merit in light of the controlling decisions in *Dobbelaere II*, 275 Mich App 527, *Coleman*, 274 Mich App 432, and *Auto-Owners Ins Co*, 262 Mich App 10, which require contractual language extending coverage beyond the named insured. As this Court stated in *Coleman*, it is a "well-established rule" that PIP coverage applies to the *insured person*, not the vehicle. 274 Mich App at 438. Accordingly, because plaintiff has failed to identify policy language evidencing an intent to include Stephanie as an insured, plaintiff is not entitled to survivors' loss benefits under MCL 500.3114(1) or (4).

C

Last, plaintiff argues that this Court should ignore the plain language of John and Linda Stone's policy and permit plaintiff to recover benefits on Stephanie's behalf because (1) Linda

requested a new policy in Stephanie's name, (2) Linda thought she was receiving such a policy based on her conversation with her insurance agent, and (3) Linda paid defendant premiums for such a policy, which defendant accepted while knowing that Stephanie did not live with John or Linda. But in his complaint and response to defendant's motion for summary disposition, plaintiff did not allege or argue that defendant should be estopped from enforcing the plain language of the policy or that the policy contained a latent ambiguity, and he did not request that the policy be reformed to comport with the contracting parties' true intent. Thus, the legal basis for plaintiff's requested relief and the trial court's decision is unclear, as plaintiff has failed to cite or rely on any legal theory apart from MCL 500.3114(4). For this reason alone, defendant was entitled to judgment as a matter of law under MCR 2.116(C)(8) and (C)(10) with respect to this portion of plaintiff's argument.

In any event, "a policyholder cannot be said to have reasonably expected something different from the clear language of the contract," and "courts are to enforce [an] agreement as written absent some highly unusual circumstance, such as a contract in violation of law or public policy," which plaintiff does not allege in this case. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51, 62; 664 NW2d 776 (2003) "[I]f there is more than one way to reasonably interpret a contract, i.e., the contract is ambiguous, and one of these interpretations is in accord with the reasonable expectations of the insured, this interpretation should prevail," *id.* at 60, but again, plaintiff did not argue that the policy here is ambiguous—either patently or latently. Further, because neither plaintiff nor Stephanie was a party to the contract between John, Linda, and defendant, plaintiff cannot obtain reformation of that contract. *Mate v Wolverine Mut Ins Co*, 233 Mich App 14, 24; 592 NW2d 379 (1998); *Harwood v Auto-Owners Ins Co*, 211 Mich App 249, 253-254; 535 NW2d 207 (1995).

Further, "[e]quitable estoppel may arise where (1) a *party*, by representations, admissions, or silence intentionally or negligently induces *another party* to believe facts, (2) the *other party* justifiably relies and acts on that belief, and (3) the *other party* is prejudiced if the first party is allowed to deny the existence of those facts." *West American Ins Co v Meridian Mut Ins Co*, 230 Mich App 305, 309-310; 583 NW2d 548 (1998) (emphasis added). Here, as defendant points out, there is no evidence that defendant made any representation to Stephanie or plaintiff, the "other party" in this case. Whatever representations were made, they were made to Linda, who is a non-party to this action. And when an insurance policy is "facilitated by an independent insurance agent or broker," such as Morris Smith , "the independent insurance agent or broker is considered an agent of the insured rather than an agent of the insurer." *Id.* at 310. Thus, the representations of Morris Smith were not representations of defendant. Therefore, even if plaintiff had relied on an equitable estoppel theory below, it would have had no merit.

III

We reverse the trial court's order denying defendant's motion for summary disposition

and remand for entry of an order granting the motion.  We do not retain jurisdiction.  Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Kurtis T. Wilder
/s/ Henry William Saad
/s/ Kirsten Frank Kelly