# STATE OF MICHIGAN

# COURT OF APPEALS

EMMA DELOISE ELLIOTT and HYDRIAN ELLIOTT,

        Plaintiffs-Appellees,

v

DONALD J. GABY and MASS TRANSPORTATION AUTHORITY,

        Defendants-Appellants.

UNPUBLISHED
November 12, 2015

No. 323217
Genesee Circuit Court
LC No. 12-099314-NI

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Plaintiff Emma Elliott ("plaintiff") was involved in a motor vehicle collision with a bus driven by defendant Donald J. Gaby ("Gaby"), who was employed by defendant Mass Transportation Authority ("MTA"). Plaintiff sued defendants, alleging that Gaby negligently turned the bus directly in front of plaintiff's vehicle, causing plaintiff serious injuries, and that MTA was liable as Gaby's employer.[1] The parties filed cross-motions for summary disposition. Defendants' motion alleged that plaintiff's claim against Gaby was barred by governmental immunity because plaintiff could not establish that Gaby was grossly negligent or that Gaby's conduct was the proximate cause of plaintiff's injuries. The trial court denied defendants' motion, ruling that there were genuine issues of material fact that precluded summary disposition. Defendants appeal as of right. We affirm.

We review a trial court's decision on a motion for summary disposition de novo. *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 173; 858 NW2d 765 (2014). Plaintiff originally moved for summary disposition under MCR 2.116(C)(10). Defendants' cross-motion sought summary disposition under MCR 2.116(I)(2), which provides that "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." Relevant to this appeal, defendants argued that

---

[1] Plaintiff's husband, Hydrian Elliott, filed a claim for loss of consortium. However, that claim was later dismissed, and Hydrain is no longer a party to this action. Therefore, the singular term "plaintiff" is used in this opinion to refer to plaintiff Emma Elliott.

there was no genuine issue of material fact with regard to whether Gaby was grossly negligent. A motion under MCR 2.116(C)(10) tests the factual support for a claim. *Stone*, 307 Mich App at 173. A reviewing court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted by the parties. MCR 2.116(G)(5). Summary disposition should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *City of Holland v Consumers Energy Co*, 308 Mich App 675, 681; 866 NW2d 871 (2015). But if there is an issue of fact regarding the right to immunity, the court must deny the motion and submit the issue to the trier of fact. *Kincaid v Cardwell*, 300 Mich App 513, 522-523; 834 NW2d 122 (2013).

Defendants argue that the trial court erred in failing to dismiss plaintiff's gross negligence claim against Gaby. Defendants contend that Gaby is entitled to immunity under MCL 691.1407(2), which provides that a government employee is entitled to immunity for injuries caused in the course of his employment if (a) the employee was acting or reasonably believed he was acting within the scope of his authority, (b) the governmental agency is engaged in the exercise or discharge of a governmental function; and (c) the employee's conduct "does not amount to gross negligence that is the proximate cause of the injury or damage." The parties do not dispute that defendants can satisfy the requirements of subparts (a) and (b). The dispute instead concerns the requirements of subpart (c), specifically, whether Gaby's actions amounted to gross negligence, and whether his conduct was the proximate cause of plaintiff's injuries.

MCL 691.1407(8)(a) defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Through this language, the Legislature intended to limit employee liability to only "situations where the contested conduct was substantially more than negligent." *Maiden v Rozwood*, 461 Mich 109, 122; 597 NW2d 817 (1999). This Court has stated that gross negligence involves

> almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge. [*Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004).]

Whether a government employee's conduct constitutes gross negligence under MCL 691.1407 is generally a question of fact. *Id*. at 88. But a court may grant summary disposition under MCR 2.116(C)(7) if "no reasonable person could find that a governmental employee's conduct was grossly negligent." *Id*.

Defendants are correct that a mere showing that Gaby violated provisions of the Michigan Vehicle Code is insufficient to establish gross negligence. Violation of an ordinance is evidence of negligence and violation of a statute creates a rebuttable presumption of negligence. *Candelaria v BC Gen Contractors, Inc*, 236 Mich App 67, 82 n 5; 600 NW2d 348 (1999). Evidence of ordinary negligence is insufficient to establish a question of fact on gross negligence. *Love v Detroit*, 270 Mich App 563, 565; 716 NW2d 604 (2006). Similarly, we are not persuaded that plaintiff's evidence of Gaby's personnel records, including evidence that Gaby was eventually fired because the collision was found to be both avoidable and serious, supports a finding of gross negligence. Evidence of employment disciplinary action because of

violations of administrative rules and regulations is not relevant to whether an employee's conduct amounted to gross negligence because such violations are only evidence of negligence. See *Zalut v Andersen & Assoc, Inc*, 186 Mich App 229, 235; 463 NW2d 236 (1990).

However, plaintiff submitted additional evidence regarding the circumstances of the accident, which was sufficient to establish a question of fact regarding gross negligence. Plaintiff submitted a videotape recording and photographs that were taken from the bus, which showed that Gaby turned the bus directly in front of plaintiff's approaching vehicle as plaintiff was driving through the intersection. Further, plaintiff submitted the statement of an eyewitness who indicated that Gaby did not stop the bus before he began making his left turn through the intersection. The eyewitness stated that the bus turned "right into" plaintiff's car. Plaintiff also presented evidence that Gaby gave a statement, in which he admitted that he could not see plaintiff's vehicle because his vision was affected by the sun shining through the windshield of the bus.[2]

Gaby was driving a large commercial bus, a vehicle substantially larger than most other vehicles on the road. Further, he was making a left turn, a maneuver that required him to cross the pathway of any vehicles approaching from the opposite direction. The videotape recording, the eyewitness's statement, the photographs, and Gaby's admission support the theory that Gaby blindly proceeded through the intersection to make a left turn, without stopping, without being able to ascertain whether there were any oncoming vehicles, and while driving a vehicle substantially larger than most other vehicles on the road. Under these circumstances, a jury could conclude that Gaby's conduct of making a left turn that would bring him into the pathway of any oncoming traffic, without stopping and without being able to see if the pathway was clear, showed a substantial lack of concern for whether an injury would result. Accordingly, the trial court did not err in finding that there was a genuine issue of material fact regarding the issue of gross negligence, which precluded summary disposition. See *Stone*, 307 Mich App at 713; *Tarlea*, 263 Mich App at 90.

Defendants also argue that the gross negligence claim should be dismissed because any gross negligence was not "the proximate cause" of plaintiff's injury. See MCL 691.1407(2)(c). It is not enough that a defendant's actions be "a" proximate cause. *Tarlea*, 263 Mich App at 92. "The phrase 'the proximate cause' is best understood as meaning the one most immediate, efficient, and direct cause preceding an injury." *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000).

Defendants rely on the affidavit from their expert witness, Gary McDonald, who averred that he viewed the bus's on-board video and was able to determine plaintiff's location at the time the bus initiated its left-hand turn. McDonald calculated that plaintiff had three seconds to react to the bus turning directly in front of her and, allowing a reaction time of 1 ½ seconds, he opined

---

[2] There is no merit to defendants' argument that plaintiff did not offer evidence to support her claim that Gaby was grossly negligent. Plaintiff's submission of the foregoing evidence was sufficient to satisfy her burden of producing documentary evidence in support of her claim. See MCR 2.116(G)(4).

that she had enough time to apply her brakes and avoid the collision. McDonald stated that plaintiff "made no effort to stop her vehicle prior to impact."

McDonald's affidavit does not entitle defendants to summary disposition on the issue of proximate case. The evidence regarding the circumstances surrounding the accident, viewed in a light most favorable to plaintiff, supports a finding that Gaby's conduct of making a left-hand turn into the pathway of plaintiff's vehicle was "the one most immediate, efficient, and direct cause preceding an injury." McDonald's affidavit and opinion that the accident was avoidable merely establishes a question of fact regarding proximate cause. Moreover, the credibility of McDonald's opinion testimony, including whether it was based on a proper interpretation of the facts, is for the trier of fact to resolve. See *Surman v Surman*, 277 Mich App 287, 309; 745 NW2d 802 (2007). Accordingly, the trial court did not err in denying defendants' motion for summary disposition on the issue of proximate cause.[3]

Affirmed.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan

---

[3] Acknowledging our Supreme Court's recent decision in *Hannay v Dep't of Transp*, 497 Mich 45, 51; 860 NW2d 67 (2014), defendants have withdrawn their additional argument that plaintiff cannot recover damages for pain and suffering, and emotional distress.