# STATE OF MICHIGAN

# COURT OF APPEALS

CARLA PEEBLES,

Plaintiff-Appellant,

v

DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

UNPUBLISHED
September 15, 2016

No. 327649
Court of Claims
LC No. 15-000034-MD

Before: OWENS, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

In this action involving an allegedly defective highway, plaintiff appeals as of right from an order of the Michigan Court of Claims granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) (immunity granted by law). We affirm.

On January 18, 2014, plaintiff struck a pot hole as she was driving on the traveled portion of an interstate highway. Plaintiff lost control of her vehicle and sustained serious and permanent injuries. On May 7, 2014, plaintiff mailed a notice of intent (NOI) to file claim pursuant to MCL 691.1404, which was addressed to: "Court of Claims, 313 W. Kalamazoo, PO Box 40771, Lansing, Michigan 48901." Plaintiff asserts that this notice was received by the court of claims on May 12, 2014, because she received a domestic return receipt signed by "GLES, Inc.—Authorized Agents, C. Hand" on that date. Thereafter, plaintiff mailed another NOI to: "Court of Claims, Fourth District, 2nd Floor, Hall of Justice, 925 West Ottawa St., P.O. Box 30022, Lansing, Michigan 48909-7522." This second notice was received by the court of claims on May 23, 2014. Defendant brought a motion for summary disposition under MCR 2.116(C)(7), urging the court to dismiss plaintiff's case because her NOI was untimely.

In granting summary disposition, the court noted that the correct address for the court of claims since November 12, 2013, is "the district office of each district of the Court of Appeals, not 313 W. Kalamazoo, P.O. Box 40711, Lansing." According to the court, "How and why the [domestic return] receipt was handled and stamped when it was received at the wrong address is immaterial to whether the plaintiff complied with MCL 691.1404(2)." Plaintiff's motion for reconsideration was also denied.

On appeal, plaintiff does not dispute that her second notice was untimely. However, she argues that the trial court erred in granting summary disposition because the first NOI was timely

or, in the alternative, discovery of how and why the domestic return receipt was handled and stamped was material to whether she complied with MCL 691.1404(2). Our review is de novo. *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 173; 858 NW2d 765 (2014).

"A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law." *Pew v Mich State Univ*, 307 Mich App 328, 331; 859 NW2d 246 (2014). The moving party may support its motion with affidavits, depositions, admissions, or other documentary evidence that would be admissible at trial. MCR 2.116(G)(5), (6). This Court must consider this evidence and determine whether it indicates that the defendant is entitled to immunity. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). The Court must also consider the contents of the plaintiff's complaint as true, unless contradicted by the documentary evidence. *Pew*, 307 Mich App at 332. "If reasonable minds could not differ on the legal effects of the facts, whether governmental immunity bars a plaintiff's claim is a question of law." *Id.*

MCL 691.1404 states, in part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature if the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> (2) . . . In case of the state, such notice shall be filed in triplicate with the clerk of the court of claims.

In *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007), the Supreme Court concluded that "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect. Accordingly, . . . it must be enforced as written."

Plaintiff had until May 18, 2014 to file her NOI. Plaintiff contends that she filed a timely notice with the court of claims, which was received by the court on May 12, 2014. Plaintiff's first notice was sent to "Court of Claims, 313 W. Kalamazoo, PO Box 40771, Lansing, Michigan 48901." By Administrative Order, No. 2013-1, and Administrative Order, No. 2014-02, the Kalamazoo address ceased to be the court of claims address on February 13, 2014. In addition, the staff of the Thirtieth Circuit Court, then and presently located at the Kalamazoo address, were no longer authorized to "process all pleadings, documents, and fees" on behalf of the court of claims as of February 13, 2014. These orders were available to the public on the court's website.

Because plaintiff did not timely file her NOI, the case was properly dismissed pursuant to MCR 2.116(C)(7).[1]

Affirmed.

/s/ Donald S. Owens
/s/ David H. Sawyer
/s/ Douglas B. Shapiro

---

[1] Plaintiff's request for additional discovery was also properly denied. She argues that she should have been allowed to conduct discovery to determine if the signatory was somehow acting for the court of claims or if he delivered the notice to the court of claims after receipt. However, the court of claims record contains no indication that the initial NOI was ever received by the court. Further, plaintiff's suggestion that additional information regarding the fate of the initial NOI was available carries little weight given that plaintiff did not attempt to contact the recipient of the NOI or his company in order to seek that information.