*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK HOWARD,

      Plaintiff,

and

MICHIGAN CRNAS STAFFING, LLC,
DETROIT ANESTHESIA GROUP, PLLC, and
CLEARPATH DIAGNOSTICS, LLC,

      Intervening Plaintiffs,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

      Defendant/Third-Party Plaintiff-
      Appellant,

and

PIONEER STATE MUTUAL INSURANCE
COMPANY,

      Defendant/Third-Party Defendant-
      Appellee.

UNPUBLISHED
October 15, 2019

No. 343556
Wayne Circuit Court
LC No. 16-010232-NI

Before: FORT HOOD, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendant/third-party plaintiff, Progressive Michigan Insurance Company (Progressive), appeals from a final judgment entered in this first-party no-fault case. On appeal, Progressive challenges the trial court's order granting defendant/third-party defendant, Pioneer State Mutual Insurance Company (Pioneer) summary disposition on the basis that Progressive is higher in

-1-

priority as a no-fault insurer in this case. Progressive also challenges the trial court's order imposing sanctions against Progressive for filing a third-party complaint against Pioneer. Because we agree with Progressive's arguments, we reverse the trial court's rulings on the no-fault priority and sanctions issues and remand for further proceedings consistent with this opinion.

Plaintiff was injured in a motor vehicle accident on December 14, 2015, when his vehicle was struck from behind by a vehicle that fled the scene. Plaintiff owned the vehicle that he was operating, and that vehicle was insured by Progressive under a policy issued to plaintiff's wife, Eula Howard (Eula). The declaration page of the policy listed only Eula as the named insured. Plaintiff was listed as a driver and household resident.

At the time of the accident, plaintiff and Eula were living with plaintiff's stepdaughter, Antoinette McKinney. McKinney was covered by a no-fault policy issued by Pioneer; the declaration page of that policy identified McKinney as the named insured and listed her address as being the same address as plaintiff and Eula's address.[1]

Plaintiff commenced this action seeking first-party no-fault benefits as well as uninsured motorist benefits. Because of the possible priority dispute, plaintiff named both Progressive and Pioneer in the action.

Pioneer filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that it was not responsible for the payment of no-fault benefits because Progressive was highest in priority. Pioneer reasoned that, because the Progressive policy defined the word "you" to include both the named insured and the spouse of the named insured, plaintiff was a named insured under the Progressive policy, such that Progressive was highest in priority. Pioneer argued in the alternative that, if plaintiff was not an insured under the Progressive policy, then he was uninsured and barred from receiving no-fault benefits.

In response to Pioneer's motion, Progressive argued that plaintiff was not a named insured under the Progressive policy but rather was the spouse of the named insured. Progressive contended that it and Pioneer were in the same order of priority such that they were each responsible for a pro rata share of plaintiff's no-fault benefits.

The trial court concluded that Progressive was higher in priority than Pioneer, granted Pioneer's motion for summary disposition, and dismissed Pioneer from the case with prejudice. Progressive later moved for leave to file a third-party complaint against Pioneer, seeking recoupment of 50% of the no-fault benefits that Progressive had paid to plaintiff. The trial court granted Progressive's motion, and Progressive filed its third-party complaint against Pioneer.

Pioneer again moved for summary disposition, this time pursuant to MCR 2.116(C)(8) and (10), arguing that the trial court had already resolved the priority issue when the court

---

[1] Pioneer does not contest on appeal that McKinney lived with plaintiff and Eula at the time of the accident.

granted summary disposition to Pioneer and dismissed Pioneer from the case. Pioneer sought sanctions against Progressive for filing a frivolous third-party complaint against Pioneer.

In response, Progressive acknowledged that the trial court had previously concluded that Progressive was highest in priority and had granted Pioneer's earlier motion for summary disposition. But Progressive again asserted its view that Progressive and Pioneer were in the same order of priority and that Progressive was entitled to seek partial recoupment from Pioneer. Progressive argued that there was no basis to impose sanctions against Progressive given that the trial court had granted Progressive's motion for leave to file a third-party complaint against Pioneer, such that Progressive's third-party complaint should not be deemed frivolous.

The trial court granted summary disposition to Pioneer and dismissed Progressive's third-party complaint. The trial court ordered Progressive to pay Pioneer $3,750 in costs and attorney fees as sanctions for filing a frivolous third-party complaint. Following the entry of a final judgment, this appeal ensued.

Progressive first argues on appeal that the trial court erred in granting summary disposition to Pioneer. Progressive contends that it and Pioneer are in the same order of priority for payment of no-fault benefits to plaintiff. We agree with Progressive's argument.[2]

MCL 500.3114(1) provides, in relevant part:

Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) [MCL 500.3101(1)] applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident.

The Supreme Court has held that "an insurer of an injured person's spouse and the insurer of a relative domiciled in the same household are in the same order of priority." *Mich Mut Ins Co v Allstate Ins Co*, 426 Mich 346, 352; 395 NW2d 192 (1986).

Pioneer concedes on appeal that, if plaintiff is not the person named in the Progressive policy, then Pioneer and Progressive are in the same order of priority. The question is thus whether plaintiff is the person named in the Progressive policy.

We have held that "the 'person named in the policy' under MCL 500.3114(1) is synonymous with the 'named insured[.]' " *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 175; 858 NW2d 765 (2014). Plaintiff is not listed as a named insured on the declaration page of the Progressive policy issued to his wife, Eula. Only Eula is listed as a named insured. Plaintiff

---

[2] We review de novo a trial court's decision on a motion for summary disposition. See *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). Questions of statutory interpretation also are reviewed de novo. *Farmers Ins Exch v AAA of Mich*, 256 Mich App 691, 694; 671 NW2d 89 (2003).

was listed as a driver and household resident. Merely being designated as a driver on a no-fault policy does not make someone a named insured. *Stone*, 307 Mich App at 175; *Cvengros v Farm Bureau Ins*, 216 Mich App 261, 264; 548 NW2d 698 (1996).

Pioneer argues that plaintiff is a named insured in the Progressive policy because of that policy's definition of the word "you." We disagree. The policy defines "you" as including "a person shown as a named insured on the declarations page[]" and "the spouse of a named insured if residing in the same household at the time of the loss." This definition of "you" makes clear that plaintiff is covered under the policy as the spouse of the named insured, but it does not make him a named insured for purposes of MCL 500.3114(1). The definition of "you" encompasses two individuals, the named insured (Eula) and the named insured's spouse (plaintiff). Therefore, the definition of "you" does not turn plaintiff into a named insured.

Pioneer asserts a proposed alternative ground to affirm the trial court's grant of summary disposition to Pioneer. Specifically, Pioneer argues that no-fault coverage is barred because plaintiff failed to procure no-fault insurance for his motor vehicle, which was involved in the accident. Pioneer's argument is unavailing.[3]

MCL 500.3101(1) provides, in relevant part, that "the owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance . . . ." MCL 500.3113(b) precludes a person from obtaining no-fault benefits if, at the time of the accident, "[t]he person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect."

Pioneer argues that plaintiff is precluded under MCL 500.3113(b) from receiving no-fault benefits because Eula obtained the no-fault policy for the vehicle rather than plaintiff, the vehicle's owner. Pioneer's argument fails in light of a recent decision by our Supreme Court.

In *Dye by Siporin & Assoc, Inc v Esurance Prop & Cas Ins Co*, ___ Mich ___, ___; ___ NW2d ___ (2019) (Docket No. 155784); slip op at 3, the Supreme Court concluded that

> an owner or registrant of a motor vehicle is not required to personally purchase no-fault insurance for his or her vehicle in order to avoid the statutory bar to [no-fault] benefits. Rather, MCL 500.3101(1) only requires that the owner or registrant "maintain" no-fault insurance, and the term "maintain," as commonly understood, means to keep in an existing state. Because MCL 500.3101(1) does not prescribe any particular manner by which no-fault insurance must be maintained, we will not read into the statute a requirement that the insurance be purchased or obtained by a vehicle's owner or registrant.

---

[3] Pioneer raised this issue below, but the trial court did not rule on it. Given that Pioneer raised the issue below and pursues it on appeal, we will review the issue. See *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994).

In other words,

> an owner or registrant of a motor vehicle involved in an accident is not excluded
> from receiving no-fault benefits when someone other than that owner or registrant
> purchased no-fault insurance for that vehicle because the owner or registrant of
> the vehicle may "maintain" the insurance coverage required under the no-fault act
> even if he or she did not purchase the insurance. [*Id*. at ___; slip op at 4.]

Moreover, "there is no statutory basis to conclude that the owner of an insured vehicle who is not a 'named insured' in the policy is ineligible for [no-fault] benefits." *Id*. at ___; slip op 21 n 61. The Court overruled caselaw of this Court that had suggested a view contrary to our Supreme Court's holding in *Dye*. *Id*. at ___; slip op at 4.

In light of the holding and analysis in *Dye*, there is no merit in Pioneer's contention that plaintiff is barred from receiving no-fault benefits merely because his wife, Eula, purchased the no-fault policy. Accordingly, Pioneer's proposed alternative ground for affirmance fails.

Finally, Progressive argues that the trial court clearly erred in imposing sanctions against Progressive. We agree.[4]

If a trial court finds that an action or defense was frivolous, the court may impose sanctions by awarding to the prevailing party the reasonable costs and reasonable attorney fees incurred by that party. MCL 600.2591(1), (2).[5] " 'Prevailing party' means a party who wins on the entire record." MCL 600.2591(3)(b). An action or defense is frivolous if at least one of the following conditions is met:

> (*i*) The party's primary purpose in initiating the action or asserting the
> defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying
> that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit. [MCL
> 600.2591(3)(a).]

---

[4] We review "for clear error the circuit court's decision to impose sanctions on the ground that an action was frivolous within the meaning of . . . MCL 600.2591." *Ladd v Motor City Plastics Co*, 303 Mich App 83, 103; 842 NW2d 388 (2013). "A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Guerrero v Smith*, 280 Mich App 647, 677; 761 NW2d 723 (2008).

[5] The court rules also contain sanctions provisions. See MCR 1.109(E)(6) and (7); MCR 2.625(A)(2).

"The purpose of imposing sanctions for asserting a frivolous action or defense is to deter parties and their attorneys from filing documents or asserting claims or defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 731-732; 909 NW2d 890 (2017). "A court must determine whether a claim or defense is frivolous on the basis of the circumstances at the time it was asserted." *Id*. at 732.

Because we are reversing the trial court's grant of summary disposition to Pioneer on the priority issue, Pioneer is no longer the prevailing party. Moreover, Progressive's third-party complaint was not frivolous. There is no evidence that Progressive's primary purpose was to harass, embarrass, or injure Pioneer, nor is there any indication that Progressive lacked a reasonable basis to believe that the facts underlying Progressive's legal position were true. Progressive's legal position was not devoid of arguable legal merit. As discussed earlier, Progressive's argument on the priority issue is legally correct. And when seeking leave to file the third-party complaint, Progressive disclosed to the trial court, both in the written motion and again at the motion hearing, that the court had previously granted summary disposition to Pioneer, but Progressive explained that it adhered to its position that Progressive and Pioneer were in the same order of priority and that Progressive wished to file a third-party complaint seeking partial recoupment of benefits from Pioneer in order to preserve Progressive's position that it was entitled to seek such recoupment. The trial court granted Progressive permission to file the third-party complaint after having been twice reminded of the trial court's earlier grant of summary disposition to Pioneer. Given all of these circumstances, the trial court clearly erred in subsequently finding that Progressive's third-party complaint was frivolous.

We reverse the trial court's rulings on the no-fault priority and sanctions issues and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ David H. Sawyer
/s/ Douglas B. Shapiro