*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ENHANCE CENTER FOR INTERVENTIONAL
SPINE AND SPORTS,

UNPUBLISHED
July 27, 2023

Plaintiff-Appellee,

v

No. 361517
Wayne Circuit Court
LC No. 21-006580-NF

ALLSTATE INSURANCE COMPANY,

Defendant-Appellant,

and

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

Defendant-Appellee.

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

This matter, having been brought under MCL 500.3101 *et seq.*, involves an injured motorcyclist, an Uber driver, and two insurers. Allstate Insurance Company (Allstate) appeals by leave granted[1] the trial court's orders denying Allstate's motion for summary disposition and dismissing the claims of plaintiff, Enhance Center for Interventional Spine and Sports, against defendant Progressive Michigan Insurance Company (Progressive). For the reasons set forth in this opinion, we vacate the trial court's orders and remand for further proceedings.

## I. BACKGROUND

---

[1] *Enhance Ctr for Interventional Spine & Sports v Allstate Ins Co*, unpublished order of the Court of Appeals, entered September 23, 2022 (Docket No. 361517).

-1-

The underlying facts in this matter are not disputed. Jason Rutten was operating a motorcycle when he collided with a vehicle being driven by Benjamin Weston. Weston was driving for Uber Technologies (Uber), and was transporting a passenger at the time of the accident. Weston had a policy of insurance through Progressive on his vehicle and on which he was a named insured. Allstate provided a policy of insurance to Raiser, LLC, a wholly owned subsidiary of Uber. Plaintiff, as an assignee of Rutten, filed this suit to obtain payment for medical services rendered to Rutten, the motorcyclist.

Allstate subsequently moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that because Rutten was riding a motorcycle at the time of the accident, the applicable order of priority was set forth in MCL 500.3114(5) and consequently, Allstate was not in the order of priority under that statutory provision. Allstate maintained that although it insured Uber,[2] it did not insure Weston and it thus did not insure the "owner," "registrant," or "operator" of "the motor vehicle involved in the accident." Accordingly, Allstate argued that it could not be in the order of priority under MCL 500.3114(5)(a) or (b), the only potentially relevant provisions regarding Allstate. Allstate further argued that its policy merely provided coverage in the event Uber incurred liability under MCL 500.3114(2) for injuries to an "operator or passenger" of a vehicle operating as an Uber vehicle and that Rutten was not eligible for benefits under Allstate's policy because Rutten was not an operator or passenger of the Uber vehicle.

Progressive's response argued (1) that the Allstate policy was in effect at the time of the collision in this case because the Allstate policy covered Uber drivers and Weston was using his vehicle as an Uber vehicle transporting passengers at that time, and (2) that Progressive's policy issued to Weston excluded PIP coverage for injuries sustained while the insured was occupying a covered auto being used for ride-sharing purposes. Hence, Progressive maintained that Allstate was the highest-priority insurer and that plaintiff was barred from recovering any benefits from Progressive.

In reply, Allstate argued that its policy with Uber only covered the driver and passenger and that the policy did not extend coverage to Rutten because he was not an occupant of the Uber vehicle. Allstate also argued, relying on MCL 500.3109a, that the Progressive policy exclusion for rideshare vehicles did not apply to Rutten because the exclusion could only be applied to Weston, as the named insured, and his household relatives. Allstate maintained that it was not in the order of priority under MCL 500.3114(5) because it only issued a policy of insurance to the ride-share company and did not issue a policy of insurance to Weston.

The trial court dispensed with oral argument and entered an order denying Allstate's motion for summary disposition. The trial court provided one sentence of explanation for its ruling, stating as follows: "Allstate is the highest in order of priority to pay PIP benefits here pursuant to MCL 500.3114(5) as the Uber driver constitutes an operator and the motor vehicle in question was a covered auto under the policy."

---

[2] We recognize that Allstate may have technically insured Uber's subsidiary, but this distinction is not material to resolving the arguments presented by the parties. For purposes of this opinion, we will refer to Uber as Allstate's insured for sake of convenience.

Progressive subsequently filed a motion arguing that it was entitled to be dismissed from the case with prejudice as a result of the trial court's ruling that Allstate was the highest in the order of priority. Allstate responded by arguing that Progressive could still be a pro rata insurer because of its policy insuring Weston.

The trial court again dispensed with oral argument in deciding the motion. The trial court granted Progressive's motion, stating, it totality, as follows: "This court finds that Allstate is highest in priority to pay PIP benefits and Progressive is therefore dismissed.[]"

Allstate moved for reconsideration of this order, and the trial court denied the motion, again, without holding a hearing. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition is properly granted under MCR 2.116(C)(8) if the "opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). A motion under MCR 2.116(C)(8) is decided "on the pleadings alone," accepting all factual allegations as true, and "may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160. Summary disposition is warranted under MCR 2.116(C)(10) if "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A genuine issue of material fact exists if, considering all of the evidence submitted by the parties in the light most favorable to the opposing party, the "record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citation omitted).

## III. ANALYSIS

Allstate argues on appeal that the trial court erred by denying its motion for summary disposition and dismissing Progressive from the action because (1) Progressive is actually the highest in the order of priority under MCL 500.3114(5); (2) Allstate is not in the order of priority at all under MCL 500.3114(5) since it only insured Uber for injuries to Uber drivers and passengers in limited circumstances and did not insure the owner, registrant, or operator of the vehicle; and (3) Progressive's policy exclusion for vehicles being used as ride-sharing vehicles cannot apply to Rutten, pursuant to MCL 500.3109a, because Rutten is not a named insured on the policy or a resident relative of the named insured and is instead seeking no-fault benefits pursuant to the priority statute in the no-fault act.

Though not clear given the dearth of analysis provided by the trial court, we surmise that trial court's rulings in this case were based on its conclusion that Allstate was highest in order of priority pursuant to MCL 500.3114(5).

As our Supreme Court has recently explained:

Following a motor vehicle accident, MCL 500.3114 instructs a person to pursue his or her "claim" for PIP benefits from insurers according to the listed order

of priority. In this context, a claim for benefits is simply a demand to an insurer by its insured or a third party for payments that are believed to be due after a motor vehicle accident. "[T]he general rule is that one looks to a person's own insurer for no-fault benefits unless one of the statutory exceptions, [MCL 500.3114(2), (3), and (5)], applies." For a claim involving a motorcycle, the order of priority for potential insurers is set forth in MCL 500.3114(1) and (5)[.] [*Griffin v Trumbull Ins Co*, 509 Mich 484, 498; 983 NW2d 760 (2022) (citation omitted; first and second alterations in original).]

As relevant to the priority dispute in the instant case, MCL 500.3114 provides in pertinent part as follows:

(5) *Subject to subsections (6) and (7), a person who suffers accidental bodily injury arising from a motor vehicle accident that shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority*:

(a) The insurer of the owner or registrant of the motor vehicle involved in the accident.

(b) The insurer of the operator of the motor vehicle involved in the accident.

(c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.

(d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

(6) If an applicable insurance policy in an order of priority under subsection (5) is a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d, or as to which an exclusion under section 3109(2) applies, the injured person shall claim benefits only under other policies, subject to subsection (7), in the same order of priority for which no such election has been made. If there are no other policies for which no such election has been made, the injured person shall claim benefits under the next order of priority or, if there is not a next order of priority, under the assigned claims plan under sections 3171 to 3175.

(7) *If personal protection insurance benefits are payable under subsection (5) under 2 or more insurance policies in the same order of priority, the benefits are only payable up to an aggregate coverage limit that equals the highest available coverage limit under any 1 of the policies*.

(8) *Subject to subsections (6) and (7), if 2 or more insurers are in the same order of priority to provide personal protection insurance benefits under subsection (5), an insurer that pays benefits due is entitled to partial recoupment from the other insurers in the same order of priority, and a reasonable amount of partial*

*recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among all of the insurers.* [Emphasis added.]

The parties do not appear to dispute that plaintiff's claim in this case to recover for medical services provided to Rutten is dependent on Rutten's underlying right to recover PIP benefits. Rutten was injured while operating a motorcycle when a collision occurred with the motor vehicle Weston was driving. However, Allstate and Progressive disagree about whether Allstate or Progressive is highest in priority under MCL 500.3114(5).[3]

Allstate contends that it is not in the order of priority because it was not the "insurer of the owner or registrant of the motor vehicle involved in the accident," MCL 500.3114(5)(a), or the "insurer of the operator of the motor vehicle involved in the accident," MCL 500.3114(5)(b). Allstate argues that Weston was insured under a policy of insurance provided by Progressive and that Allstate only provided a policy of insurance to Uber's wholly owned subsidiary, Raiser. Thus, Allstate maintains that Progressive was the highest priority insurer under MCL 500.3114(5). Progressive, however, argues that Allstate's insurance policy was the one in effect at the time of the accident because it had issued a policy covering Uber drivers for Michigan no-fault insurance purposes.

There is no dispute that Weston was operating the motor vehicle at the time of the accident, and the parties seemingly agree that he was the owner and registrant of the vehicle. There is also no dispute between the parties that at the time of the accident, Weston was transporting a passenger in his capacity as an Uber driver. Hence, the issue in resolving the parties' priority dispute becomes ascertaining whether Allstate or Progressive insured the "owner," "registrant," or "operator" of the motor vehicle for purposes of MCL 500.3114(5) in light of the factual circumstances of the accident and the applicable insurance policies.

The term "insurer," as that term is used in the phrases "insurer of the owner or registrant" of the motor vehicle and "insurer of the operator" of the motor vehicle for purposes of MCL 500.3114,[4] means "[o]ne who agrees, by contract, to assume the risk of another's loss and to compensate for that loss." *Amerisure Ins Co v Coleman*, 274 Mich App 432, 435; 733 NW2d 93 (2007) (quotation marks and citations omitted; alteration in original); see also *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 531-533; 740 NW2d 503 (2007). Accordingly, it is necessary to examine the relevant terms of the pertinent insurance policies to determine whether a particular insurance company is the "insurer" of the owner, registrant, or operator for purposes of MCL 500.3114(5). See *Amerisure*, 274 Mich App at 436 n 1 ("[W]hether an insurance company is an 'insurer' of the operator of the vehicle necessarily depends on the language of the relevant insurance policy."). "This Court has held that even if the owner, registrant, or operator of a vehicle

---

[3] Plaintiff expressly takes no position on appeal which of these insurance companies should be liable.

[4] We note that at the time *Amerisure* was decided, MCL 500.3114(4)(a) and (b) contained language identical in relevant part to the current language of MCL 500.3114(5)(a) and (b). See MCL 500.3114(4), as amended by 2002 PA 38.

is not a named insured under a policy, the named insured's insurer may also constitute an 'insurer' of the owner, registrant, or operator under MCL 500.3114[] if the policy expands the definition of 'insured person' beyond the named insured so that it includes those persons." *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 176-177; 858 NW2d 765 (2014). "[I]t is a 'well-established rule' that PIP coverage applies to the *insured* person, not the vehicle." *Id.* at 178, quoting *Amerisure*, 274 Mich App at 438.

Here, the trial court seemingly concluded that Allstate was the insurer of Weston as the operator of the vehicle and that Allstate was therefore the highest in the order of priority under MCL 500.3114(5). However, the trial court record does not contain any portion of Allstate's policy that demonstrates that the policy's definition of the named insured included Weston when he was working in his capacity as an Uber driver.[5] *Stone*, 307 Mich App at 176-178. In fact, there is little if any evidence of any insurance policy contained in the trial court record. Additionally, the trial court's single sentence of conclusory analysis finding that Allstate was highest in the order of priority, combined with the deficient evidentiary record that resulted from the parties' neglect in providing the trial court with the pertinent evidence to support their respective arguments, leaves this Court with an insufficient basis on which to provide meaningful appellate review. *Pioneer State Mut Ins Co v Titan Ins Co*, 252 Mich App 330, 338; 652 NW2d 469 (2002). We therefore vacate the trial court's orders finding that Allstate was highest in priority and its orders denying Allstate's motion for summary disposition and dismissing Progressive from this case, both of which were based on the trial court's finding that Allstate was highest in the order of priority. We remand this matter to the trial court for further proceedings not inconsistent with this opinion.

Vacated and remanded. We do not retain jurisdiction. No costs are awarded. MCR 7.219.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien

---

[5] Progressive has submitted what appear to be much more complete copies of the respective insurance policies to this Court on appeal. However, the trial court record contains only extremely limited portions of the respective policies, and those limited portions do not contain the language relevant to the dispositive issue at this juncture, as we have already explained in the body of this opinion. Progressive has attempted to improperly expand the record on appeal, and we have therefore not considered this impermissible evidence at this stage. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002).