Corrigan, C.J.
We granted leave to appeal to consider the proper definition of the word “occupying” in the no-fault automobile-insurance policy at issue in this case. We hold that plaintiff was not “occupying” the vehicle as that term is defined in the policy because he was outside the vehicle and approximately six inches from it when the other automobile struck him. We thus reverse the judgment of the Court of Appeals and reinstate the trial court’s decision.
1. underlying facts and procedural posture
Plaintiff was driving a friend’s car in Ohio. The left rear tire of the vehicle became flat. To change the tire, plaintiff left the car, loosened the lug nuts, and began to walk toward the rear of the car. An oncoming automobile then struck plaintiff and threw him against the car he had been driving, injuring him. Plaintiff admitted that he had not been touching his friend’s car and that he had been approximately six inches from it when the other vehicle struck him.
*243 The vehicle plaintiff had been driving was insured under Michigan’s no-fault insurance act, MCL 500.3101 el seq., with defendant Hastings Mutual Insurance Company. Plaintiff contended that he was “occupying” the vehicle as that term had been defined in defendant’s policy and that he thus was entitled to personal injury protection (pip) benefits. After defendant denied the claim, plaintiff filed a complaint seeking payment of the benefits. Defendant moved for summary disposition under MCR 2.116(C)(10) on the ground that plaintiff had not established a genuine issue of material fact regarding whether he had been “occupying” the insured vehicle when he was injured. The trial court granted defendant’s motion.
On review, the Court of Appeals reversed.[1] It treated the word “occupying” as ambiguous and construed it against defendant, the drafter of the policy. On that basis, the Court concluded that plaintiff was “occupying” the vehicle within the meaning of that term in the policy.
Defendant filed an application for leave to appeal, which we granted. 467 Mich 869 (2002).
H. STANDARD OF REVIEW
We review de novo a trial court’s ruling on a motion for summary disposition. Hinkle v Wayne Co Clerk, 467 Mich 337, 340; 654 NW2d 315 (2002). The interpretation of a contract presents a question of law that we also review de novo. Archambo v Lawyers Title Ins Corp, 466 Mich 402, 408; 646 NW2d 170 (2002).
*244 hi. DISCUSSION
A. STATUTORY AND CONTRACTUAL PROVISIONS
The no-fault act sets forth the circumstances in which benefits are available for out-of-state accidents. MCL 500.3111 states:
Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions or in Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, his spouse, a relative of either domiciled in the same household or an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy or has provided security approved by the secretary of state under subsection (4) of section 3101. [Emphasis added.]
Plaintiff was not a named insured or a spouse or relative of a named insured. Thus, the statute provides that to obtain pip benefits, plaintiff must qualify as an “occupant” of an insured vehicle involved in the accident. The no-fault act does not define the word “occupant.”
The insurance policy at issue states:
A. We do not provide Personal Injury Protection Coverage for “bodily injury”:
* * *
3. Sustained by any “insured” while not “occupying” an “auto” if the accident takes place outside Michigan. However, this exclusion does not apply to:
a. You; or
b. Any “family member”.
*245 The policy defines “occupying” as “in, upon, getting in, on, out or off.”
B. CASE LAW
This Court has previously considered whether a person was either an “occupant” of, or “occupying,” a vehicle. In Nickerson v Citizens Mut Ins Co, 393 Mich 324; 224 NW2d 896 (1975), a case before the no-fault act, the plaintiff left a stalled vehicle and walked to the front of the car. An uninsured motorist struck the stalled automobile and pushed it into the plaintiff, injuring him. The plaintiff sought uninsured-motorist benefits. The policy provided benefits to an “assured” who was “occupying the insured automobile.” The policy defined “occupying” as “in or upon or entering into or alighting from.” Id. at 328.
The Nickerson Court construed the policy against the drafter to grant benefits. Id. at 330. It stated that the insured vehicle had touched the plaintiff when he was injured and that the plaintiff was thus “upon” the car. Id. at 330-331. The Court further suggested that physical contact was not required in the circumstances presented in Nickerson.
In Royal Globe Ins Co v Frankenmuth Mut Ins Co, 419 Mich 565; 357 NW2d 652 (1984), a priority dispute between two insurers hinged on whether the injured person was “an occupant” of a company vehicle under § 3114 of the no-fault act. A woman had gotten out of her husband’s company car and walked sixty feet to a garage. The husband then accidently struck the garage and his wife with the car. This Court held that she was not “an occupant” of the company car *246 under § 3114. This Court distinguished Nickerson as a case predating no-fault:
And, unlike the concern in Nickerson, what is more directly implicated here is the need to further the goal of the no-fault act which seeks to provide victims of motor vehicle accidents with prompt reparation for their losses. That purpose is better served in cases such as the one before us by the certainty and predictability that a literal construction of the word “occupant” will yield, when it is assigned its primary and generally understood meaning. [Id. at 575.]
“Whatever her status was after she left the motor vehicle in the street and walked some 60 feet to the rear of the garage where the [company car] struck her, [the wife] was ‘not an occupant’ of the vehicle when she was injured.” Id. at 576.
Next, in Rohlman v Hawkeye-Security Ins Co (Rohlman I), 442 Mich 520; 502 NW2d 310 (1993), the plaintiff was struck and injured on a highway in Ohio while attempting to retrieve a trailer that had become unhitched from a van. The plaintiff sought pip benefits and uninsured-motorist benefits from the insurer of the van. This Court held that the plaintiff was not an “occupant” of the van for the purpose of obtaining pip benefits. This Court again noted that Nickerson was a case predating no-fault. Under the no-fault act, most “accidents are now covered by personal injury protection benefits or the assigned claims plan. Therefore, the repeal of the uninsured motorist statute and passage of the no-fault act largely eliminated the motivating factors underlying the Nickerson decision.” Id. at 529. This Court did not decide whether the policy in Rohlman I afforded broader coverage than the no-fault act because the parties did not raise that issue.
*247 In addressing the meaning of “occupant” in § 3111, the Rohlman I Court noted that subsection 3106(l)(c) of the no-fault act provides coverage for a person injured “while occupying, entering into, or alighting from [a parked] vehicle.” The Rohlman I Court concluded:
The Legislature expressly recognized that “entering into” and “alighting from” are acts separate from “occupying” a vehicle. . . . Section 3111 does not include “entering into” or “alighting from” the vehicle as acts that would trigger personal protection benefits for an out-of-state accident.
By giving the term occupant its primary and generally understood meaning coupled with the above statutory reference, we conclude that the plaintiff was not an occupant of the van because he was not physically inside the van when the accident occurred. We find this interpretation consistent with our Royal Globe decision and the intent of the no-fault act. [Rohlman I, supra at 531-532 (emphasis added).]
The Rohlman I Court remanded the case to the Court of Appeals to consider whether the plaintiff was an occupant of the trailer for the purposes of the no-fault statute and whether the plaintiff was occupying the van or the trailer for the purposes of the uninsured-motorist provision of the policy. The Court of Appeals considered those issues on remand in Rohlman v Hawkeye-Security Ins Co (On Remand) (Rohlman II), 207 Mich App 344; 526 NW2d 183 (1994). It concluded that the plaintiff was not an occupant of the trailer under the Rohlman I definition because he was not “physically inside” it.
The policy in Rohlman II required the plaintiff to have been “occupying” the insured vehicle to obtain uninsured-motorist benefits. The policy defined “occupying” as “in, upon, getting in, on, out or off.” *248 Id. at 351. The Court noted that the word “getting” appears to modify the words “in, on, out, or off” because the policy could not cover everyone who was “out” or “off” the vehicle, and because the word “on” was synonymous with “upon,” which was included elsewhere in the definition. The plaintiff was not getting in, on, out, or off the van or the trailer when the accident occurred.
A question remained whether the plaintiff was “upon” the van or the trailer. The Rohlman II Court noted that The Random House College Dictionary (rev ed, 1988) defined “upon” to mean “up and on; upward so as to get or be on: He climbed upon his horse and rode off.” Rohlman II, supra at 356. Webster’s Third New International Dictionary defined “upon” to mean “on.” Rohlman II, supra at 356. The Court acknowledged another definition of “upon” listed in the Random House dictionary: “in or into complete or approximate contact with, as an attacker or an important or pressing occasion: The enemy was upon us. The Christmas holiday will soon be upon us.” Rohlman II, supra at 355. That latter definition did not apply.
We doubt that anyone would argue that the parties to the insurance contract intended that the word “upon” be used in the sense of “approximate contact . . . with an attacker” or “in close proximity . . . with an attack.” Moreover, we are convinced that the parties did not intend that “upon” should be interpreted as “immediate proximity.” That interpretation would provide (and require payment for) supplemental coverage in the form of uninsured motorist benefits for anyone who happens to be near the covered auto and injured when the auto is struck by an uninsured motorist even though the person has no connection with the owner, named insured, or covered vehicle. [Id. at 356-357.]
*249 Nonetheless, the Rohlman II Court suggested that a person need not be completely supported by an object to be “upon” it. The Court stated that the term requires, at a minimum, physical contact with the covered auto when the injury occurs. Id. at 357. The plaintiff was not in physical contact with the van when the accident occurred. A question of fact remained, however, whether the plaintiff was in physical contact with the trailer at the time of the accident. The Court remanded the case to the trial court to resolve that issue.
C. ANALYSIS AND APPLICATION
No-fault pip benefits are not available to plaintiff under § 3111. A person must be physically inside a vehicle to be an “occupant” of it under the no-fault act. Rohlman J, supra at 523. Plaintiff was not physically inside the vehicle during the accident and thus was not an “occupant” of it.
We need not reach the question left open in Rohlman I, i.e., whether a policy may provide coverage broader than that required by the no-fault act. Plaintiff was not “occupying” the vehicle under the policy definition of that term. He was outside the vehicle, approximately six inches away from it. He was not in the vehicle, nor was he getting in, on, out, or off the vehicle when he was injured.
Plaintiff suggests that he was “upon” the car because he was pinned against it after being struck. Physical contact by itself does not, however, establish that a person is “upon” a vehicle such that the person *250 is “occupying” the vehicle.[2] The relevant dictionary definitions discussed above clarify that one must be on or up and on a vehicle in order to be “upon” it.[3] We reject the dicta in Rohlman II that suggests physical contact alone may be sufficient to show that the person was “upon” the vehicle so as to be “occupying” the vehicle.[4]
We overrule Nickerson because it departed from the plain language of the policy definition. In Royal Globe and Rohlman I, this Court observed that the concerns underlying the Nickerson decision were not compelling following the passage of the no-fault act. We agree and note that the Nickerson Court was *251 bound to apply the clear policy language regardless of whether the insurance contract was entered into before the no-fault act took effect. The definition of “occupying” in the Nickerson policy is essentiálly identical to the definition in the policy before us. Because Nickerson did not follow that definition, we overrule that decision to the extent that it is inconsistent with our analysis here. Courts may not elevate preferential rules of interpretation above the unambiguous text of a statute or contract.[5] Crowe v Detroit, 465 Mich 1, 16; 631 NW2d 293 (2001); Koontz v Ameritech Services, Inc, 466 Mich 304, 319; 645 NW2d 34 (2002).
IV. CONCLUSION
Under the policy definition of “occupying” that was adopted by the vehicle owner and the insurance company, plaintiff was not occupying the insured automobile when he sustained bodily injury. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the trial court for entry of an order of summary disposition in favor of defendant.
Weaver, Taylor, Young, and Markman, JJ., concurred with Corrigan, C.J.

 245 Mich App 419; 628 NW2d 116 (2001).

 The dissent, citing plaintiff’s assertion that he was injured when he was pinned between the two cars, concludes that plaintiff has alleged sufficient facts to enable a juiy to conclude that he was “on” or “upon” the insured vehicle when the accident occurred. However, this analysis fails to take account that “on” or “upon” must be interpreted in the context of the word that they are defining: “occupying.” The dissent ignores the definitional word itself because it cannot be said that plaintiff here was “occupying” the vehicle in question, however broadly “on” and “upon” are defined. Further, the arbitrariness of the dissent’s interpretation must be noted. Under the dissent’s reasoning, if there are two persons who are struck by a vehicle while in the vicinity of the insured vehicle, and if one is thrown into the insured vehicle while the other is thrown into a tree, a highway, a curb, or a fence, only the former would be covered by the policy as interpreted by the dissent. Such happenstance does not form a rational basis for understanding the scope of coverage under an insurance policy.

 The Rohlman II Court properly rejected the definition of “upon” that refers to close proximity, as in “the enemy is upon us.” That definition is wholly inapposite in the context of physical occupancy and, moreover, it would expand coverage to anyone near the vehicle regardless of their relationship to it-. The more pertinent definition of “upon” is “on” or “up and on.”

 Contrary to the dissent’s assertion, the majority has not made credibility determinations. We have considered the evidence in the light most favorable to plaintiff, the nonmoving party, as we must when reviewing an order granting or denying summary disposition pursuant to MCR 2.116(C)(10). Smith v Globe Life Ins Co, 460 Mich 446, 454; 597 NW2d 28 (1999).

 The dissent purports to construe the policy against defendant, but does not explain how or why it believes the contractual language is unclear. “[A] court should not create ambiguity in an insurance policy where the terms of the contract are clear and precise. Thus, the terms of a contract must be enforced as written where there is no ambiguity.” Henderson v State Farm, Fire & Cas Co, 460 Mich 348, 354; 596 NW2d 190 (1999) (citations omitted). Also, “[t]he fact that a policy does not define a relevant term does not render the policy ambiguous.” Id.