733 N.W.2d 93 (2007)
AMERISURE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Reginald COLEMAN, Defendant, and
Titan Insurance Company, Defendant-Appellant.
Docket No. 270948.
Court of Appeals of Michigan.
Submitted January 17, 2007, at Detroit.
Decided February 27, 2007, at 9:25 a.m.
Released for Publication June 7, 2007.
Siemion, Huckaby, Bodary, Padilla, Morganti & Bowerman, P.C. (by Raymond W. Morganti), Southfield, for Amerisure Insurance Company.
Law Offices of Ronald M. Sangster, PLLC (by Ronald M. Sangster, Jr.), Troy, for Titan Insurance Company.
Before: DONOFRIO, P.J., and BANDSTRA and ZAHRA, JJ.
BANDSTRA, J.
Defendant Titan Insurance Company appeals as of right the grant of summary disposition and judgment entered in favor of plaintiff Amerisure Insurance Company in this no-fault case. We conclude that the trial court correctly determined that, under the terms of the insurance policy at issue here, Titan was the insurer of the operator of the motor vehicle involved in the accident and therefore liable to provide no-fault benefits under MCL 500.3114(4)(b). We affirm.

BASIC FACTS AND PROCEEDINGS BELOW
The facts in this case are not in dispute. Bernard Coleman, Tonya Paige Coleman, *94 and Reginald Coleman were involved in a car accident. Bernard and Tonya were married and living together at the time of the accident. Reginald is Bernard's nephew and was not living with Bernard and Tonya at the time of the accident. During the accident, Bernard was driving a Plymouth Spirit that Tonya had borrowed from Agnes Fleming, her mother. Fleming was the owner and registrant of the Plymouth Spirit, which was uninsured. On the date of the accident, Tonya had a Michigan no-fault insurance policy with Titan for an Oldsmobile Achieva that was being repaired.
Reginald was injured in the accident and submitted a claim for personal injury protection (PIP) benefits to Titan. When this was denied, Reginald submitted a claim to the Michigan Assigned Claims Facility, which assigned it to Amerisure. On August 30, 2005, Amerisure filed a complaint against Titan and Reginald in the Oakland Circuit Court. Amerisure asserted that Titan was the insurer in higher priority than Amerisure for payment of PIP benefits to Reginald pursuant to MCL 500.3114 and sought reimbursement for payments Amerisure had made to Reginald. Following motions for summary disposition, the trial court entered judgment in favor of Amerisure in the amount of $106,116.74, and Titan appealed.

ANALYSIS
We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). Dressel v. Ameribank, 468 Mich. 557, 561, 664 N.W.2d 151 (2003). MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. Additionally, statutory interpretation is a question of law that we consider de novo on appeal. Eggleston v. Bio-Medical Applications of Detroit, Inc., 468 Mich. 29, 32, 658 N.W.2d 139 (2003).
The rules of statutory interpretation require the courts to give effect to the Legislature's intent. Universal Underwriters Ins. Group v. Auto Club Ins. Ass'n, 256 Mich.App. 541, 544, 666 N.W.2d 294 (2003). The first criterion in determining the Legislature's intent is the specific language of the statute. Halloran v. Bhan, 470 Mich. 572, 577, 683 N.W.2d 129 (2004). The fair and natural import of the terms employed, in view of the subject matter of the law, governs. In re Wirsing, 456 Mich. 467, 474, 573 N.W.2d 51 (1998). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. Nastal v. Henderson & Assoc. Investigations, Inc., 471 Mich. 712, 720, 691 N.W.2d 1 (2005). Further, we cannot read into a statute terms or conditions not encompassed by its language. Halloran, supra at 577, 683 N.W.2d 129; Omne Financial Inc. v. Shacks, Inc., 460 Mich. 305, 311, 596 N.W.2d 591 (1999).
A person who suffers bodily injury while the occupant of a motor vehicle and who has no available insurance policy of his or her own or through his or her family must claim PIP benefits from the insurer of the owner or the registrant of the vehicle occupied or the insurer of the operator of the vehicle occupied. MCL 500.3114(4). In this case, Reginald had no available insurance of his own or through his family, and the owner and registrant of the occupied vehicle, Fleming, was also uninsured. MCL 500.3114(4)(a). MCL 500.3114(4)(b) provides that, when there are no insurers with a higher priority, a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim PIP benefits from "[t]he insurer of the operator of the vehicle occupied." The term "insurer" is *95 not defined in the no-fault act. Black's Law Dictionary (7th ed.) defines "insurer" as "[o]ne who agrees, by contract, to assume the risk of another's loss and to compensate for that loss." Accordingly, we must determine whether, under the terms of the Titan insurance contract, it was the insurer of Bernard, who was the operator of the vehicle at the time of the accident.[1]
We conclude that, under the clear terms of the policy, Titan was Bernard's insurer. Although Tonya (not Bernard) was the "named insured" in the policy, the policy states that "[i]n return for your premium payment, we agree to insure you subject to all the terms of this policy" and broadly defines "you" and "your" to mean "the `named insured' shown in the Declarations and the spouse if a resident of the same household." Further, in the part relating to no-fault coverages, the policy defines "insured" as including "[y]ou or any family member." Bernard qualified as a person insured by Titan under the policy pursuant to both of these definitional sections because he was the spouse of Tonya residing in her household and, therefore, one of her family members at the time of the accident. Thus we conclude that, for purposes of MCL 500.3114(4)(b), Titan was the "insurer of the operator of the vehicle occupied" by Reginald at the time of the accident and therefore liable for the payment of PIP benefits.
Titan argues that this Court has determined that the language of MCL 500.3114(4) requires that the owner, registrant, or operator of the vehicle occupied must be a "named insured," citing Amerisure Ins. Co. v. Auto-Owners Ins. Co., 262 Mich.App. 10, 684 N.W.2d 391 (2004). We disagree. In Amerisure, an uninsured passenger named Michael Anthony was injured while occupying a Ford Explorer operated by Jeremy Whitworth. While Whitworth owned the Explorer, it had been insured by Auto-Owners under a policy issued to Whitworth Borta, Incorporated, and Whitworth was not a named insured. Amerisure, supra at 13, 684 N.W.2d 391. The trial court granted summary disposition in favor of Auto-Owners, reasoning that the named insured, Whitworth Borta, Incorporated, did not have an insurable interest in the Explorer. Id. at 13-14, 684 N.W.2d 391. This Court affirmed the trial court's decision in Amerisure, on a different ground:
MCL 500.3114(4) provides that a person who suffers bodily injury while the occupant of a motor vehicle and who has no available insurance policy of his own or in his family shall claim PIP benefits *96 from "[t]he insurer of the owner or registrant of the vehicle occupied[ ]" or "[t]he insurer of the operator of the vehicle occupied." MCL 500.3114(4)(a) and (b). The owner, registrant, and operator of the Ford Explorer was Whitworth, and he did not have a policy of insurance with Auto-Owners. Accordingly, Anthony could not claim PIP benefits from Auto-Owners by virtue of this plainly worded statute. [Id. at 15, 684 N.W.2d 391.]
Thus, in contrast to the present case, Amerisure did not consider whether the operator of the motor vehicle, Jeremy Whitworth, was within the category of persons insured by Auto-Owners under the terms of its policy. There was no argument that, while the policy named only Whitworth Borta, Incorporated, as the "named insured," Auto-Owners was nonetheless Jeremy Whitworth's "insurer" for purposes of MCL 500.3114(4) under the policy. Amerisure is simply inapposite to this case, in which the policy does not limit its coverage only to the "named insured" but, instead, through its plain wording extends coverage to Bernard, the resident spouse of the named insured.
Titan points to the statement in Amerisure that "there is simply no authority for the proposition that the insurer of a vehicle involved in an accident must pay PIP benefits under the circumstances present in the instant case, when no named insureds were involved in the accident." Id. at 16, 684 N.W.2d 391. (Emphasis in original). However, that statement was made in response to the argument that, "even if MCL 500.3114(4)[was] inapplicable," Auto-Owners was required to provide PIP benefits because of wording in its policy regarding benefits for accidental bodily injury arising out of the use of a motor vehicle. Id. at 15-16, 684 N.W.2d 391. As is demonstrated by the emphasis on the word "vehicle" in the passage relied on by Titan, the Amerisure panel was merely applying the well-established rule that "PIP coverage applies to the insured person, and not to the motor vehicle." Id. at 16, 684 N.W.2d 391, citing Madar v. League Gen. Ins. Co., 152 Mich.App. 734, 742-743, 394 N.W.2d 90 (1986). The panel's use of the term "named insureds" was thus inconsequential. It certainly cannot be read as an interpretation of MCL 500.3114(4); as already noted, that section was "inapplicable" to the argument addressed.
We further note that to adopt Titan's view of the statute would require reading into it a qualification that simply does not exist. The statute states that the "insurer of the operator of the vehicle occupied" is liable to pay benefits; it does not impose that requirement only in cases in which the operator is a "named insured" under the insurer's policy. While Titan argues that, in the absence of a limitation of that sort, insurers will be subjected to no-fault liability in far too many situations, that is a policy argument that should be addressed to the Legislature for possible amendment of the statute. Cervantes v. Farm Bureau Gen. Ins. Co. of Michigan, 272 Mich.App. 410, 418, 726 N.W.2d 73 (2006); Hauser v. Reilly, 212 Mich.App. 184, 191, 536 N.W.2d 865 (1995).
In light of our conclusion that Titan was liable for the payment of benefits under MCL 500.3114(4)(b), we need not consider Amerisure's argument that Titan was liable because the Plymouth Spirit was a "temporary substitute" vehicle under the Titan policy. We affirm.
NOTES
[1] We disagree with Titan's argument that, under Rednour v. Hastings Mut. Ins. Co., 468 Mich. 241, 661 N.W.2d 562 (2003), the provisions of its insurance contract are irrelevant in determining whether Titan is liable to pay no-fault benefits under the statute, for a number of reasons. First, Titan's argument rests on its conclusion that a no-fault policy cannot provide coverage broader than that required by the no-fault act, but that question was specifically "left open" by Rednour, supra at 249, 661 N.W.2d 562. Further, the Rednour court relied on the explication of the relevant insurance contract language at issue there, i.e., the term "occupying," as it had been provided in a prior case, Rohlman v. Hawkeye-Security Ins. Co., 442 Mich. 520, 502 N.W.2d 310 (1993). Rednour, supra at 248-249, 661 N.W.2d 562. Further, Rednour itself specifically construed the insurance contract as part of its analysis and specifically determined that the "[p]laintiff was not `occupying' the vehicle under the policy definition of that term." Id. at 249, 661 N.W.2d 562. Finally, while the term "occupant" in the no-fault act has a "`primary and generally understood meaning'" apart from any insurance contract, id. at 247, 661 N.W.2d 562, citing Rohlman, supra at 531-532, 502 N.W.2d 310, the same is not true of the statutory term "insurer" at issue here. Rather, whether an insurance company is an "insurer" of the operator of the vehicle necessarily depends on the language of the relevant insurance policy.