# STATE OF MICHIGAN

# COURT OF APPEALS

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

      Plaintiff-Appellant,

v

ROBERT ELZER, doing business as DIVERSE CONTRACTING,

      Defendant,

and

DEVON HOLMES,

      Intervening Defendant,

and

CITIZENS INSURANCE COMPANY OF AMERICA and STATE FARM AUTOMOBILE INSURANCE COMPANY,

      Intervening Defendants-Appellees.

UNPUBLISHED
January 24, 2017

No. 329332
Grand Traverse Circuit Court
LC No. 14-030621-CK

Before: WILDER, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

Robert Elzer secured no-fault insurance coverage under his Farm Bureau commercial automobile policy for a personal vehicle owned and operated by a family friend. Elzer's misrepresentation to Farm Bureau entitled the insurer to rescind the policy. And according to binding precedent, even an innocent person with no role in the application process may be denied first-party no-fault benefits following the policy's rescission. However, the circuit court rejected Farm Bureau's attempt to avoid providing coverage. We now reverse that decision and remand for further proceedings.

-1-

I

Robert Elzer owns a business—Diverse Contracting. Elzer secured a business automobile insurance policy through Farm Bureau General Insurance Company of Michigan. The insurance application indicated that all insured vehicles must be titled to Elzer. Elzer also checked a box indicating that he was the sole driver of the vehicles insured by the policy.

On January 20, 2014, Elzer contacted Farm Bureau to add a 2002 Ford Explorer to the policy. Elzer neither owned nor drove the vehicle. The vehicle was titled to and used by Danielle Petrie, a friend of Elzer's wife. Farm Bureau contends that Elzer represented during a telephone call with a Farm Bureau agent that he was the owner and driver of this vehicle, a point that Elzer denies. Elzer indicated during his deposition that he had employed Petrie part-time in the past but she was no longer a Diverse contracting employee by the time he added her vehicle to his policy. Rather, Elzer added the Explorer because Petrie "couldn't afford insurance of her own" and Elzer wanted "to help her out."

One month later, the Explorer was involved in an accident. Petrie's sister's fiancé, Shawn Kimbrough, was driving and collided head-on with a vehicle in which Devon Holmes was a passenger. Both Kimbrough and Holmes were injured. Kimbrough was treated at Munson Medical Center and incurred more than $200,000 in medical expenses.

Munson approached Farm Bureau for reimbursement of personal protection insurance (PIP) benefits. Farm Bureau denied the claim based on Elzer's purported misrepresentation that the Explorer was titled to and driven by him and was used for his business. Munson eventually filed an application with the Michigan Assigned Claims Plan (MACP). The MACP assigned Citizens Insurance Company of America to handle the claim.

A series of lawsuits followed. The current action was filed, in part, to determine whether Farm Bureau could rescind the policy covering the Explorer and to determine the priority of insurers to cover Kimbrough's first-party PIP benefits: Farm Bureau (as issuer of Elzer's commercial auto policy), Citizens (as assignee by MACP), or State Farm Automobile Insurance Company (the no-fault insurer of Kimbrough's mother, with whom he resided). Farm Bureau sought to rescind all coverage of the Explorer based on Elzer's alleged misrepresentations. Citizens raised a summary disposition motion, arguing that Farm Bureau could not rescind the policy because this would deny coverage to an innocent third party—Kimbrough—who played no role in the application process. Citizens also asserted that it was not liable for Kimbrough's PIP benefits because, pursuant to MCL 500.3114(4)(b), Farm Bureau was the "insurer" of Kimbrough under the commercial automobile policy as Kimbrough was operating a "covered auto."

Ultimately, the circuit court accepted Citizen's position. First, the circuit court reasoned that the subject policy, which required that Kimbrough be operating a "covered auto" for Farm Bureau to be the "insurer of the operator" under MCL 500.3114(4)(b), did not require that Elzer own the vehicle and, consequently, the Explorer was a "covered auto." Second, the court recognized that our Supreme Court in *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), held that "the liability portion of a policy that exceeds the statutory mandated minimum" may be rescinded due to applicant fraud despite that an innocent person seeking third-party

liability damages may be affected. This case, however, involved statutorily required first-party PIP benefits, which "were not at stake in" *Titan*. Accordingly, the circuit court found the innocent party doctrine remained good law and applicable and ordered Farm Bureau to reimburse Citizens for benefits it had provided on Kimbrough's behalf.

## II

We review de novo a circuit court's decision on a summary disposition motion. *Allstate Ins Co v Dep't of Mgmt & Budget*, 259 Mich App 705, 709; 675 NW2d 857 (2003). "Under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party." *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 14; 684 NW2d 391 (2004). Summary disposition is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Amerisure Ins Co v Coleman*, 274 Mich App 432, 434; 733 NW2d 93 (2007). A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds could differ. *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

## III

At the time the circuit court entered judgment, the premise that *Titan*'s abrogation of the innocent party doctrine applied only to third-party liability claims was true. On June 14, 2016, however, this Court extended *Titan*'s reasoning to first-party no-fault cases. *Bazzi v Sentinel Ins Co*, ___ Mich App ___; ___ NW2d ___ (Docket No. 320518, 2016). Now an innocent permissive driver loses entitlement to first-party PIP benefits when the insurer rescinds coverage due to someone else's fraud in the application process. Whether we agree with *Bazzi*'s reasoning or not, we are bound to follow it. Leave to appeal has been sought in the Michigan Supreme Court, but the Court has yet to take action. Unless and until the Supreme Court overrules *Bazzi*, it remains binding law.

Pursuant to *Bazzi*, Farm Bureau had the authority to rescind the policy for the Explorer and deny PIP benefits even to Kimbrough, who played no role in the application process, if Elzer committed fraud.

To establish the contract defense of actionable fraud, Farm Bureau must show:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. [*Titan*, 491 Mich at 555.]

Elzer made a material misrepresentation when he contacted his insurance agent to add a vehicle to his commercial policy knowing that the vehicle was not being used for commercial purposes. A misrepresentation need not be an oral or verbal statement. " 'Misrepresentation' . . . means any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accordance with the facts." Restatement, Contracts, § 470(1), pp 890-891. As stated by our Supreme Court, "A representation . . . is

anything short of a warranty which proceeds from the action or conduct of the party charged. . . ." *Groenig v Opsata*, 323 Mich 73, 83; 34 NW2d 560 (1948) (quotation marks and citation omitted). Elzer's request to add the Explorer to his commercial automobile policy amounted to a representation that the subject vehicle was part of Elzer's commercial fleet. Elzer clearly knew the commercial policy covered only vehicles used for his business. Therefore, by calling to add the vehicle, Elzer was representing that the vehicle was commercial in nature.

Yet, Elzer admitted at his deposition that he knew the vehicle was not commercial. According to Elzer, Petrie no longer worked for Elzer's company but he added Petrie's personal vehicle to his commercial policy anyway as a favor. Elzer's own admissions established the second and third elements for Farm Bureau's fraud defense. Elzer also clearly intended Farm Bureau to act in response to his misrepresentation. He called the insurance agent to elicit action—the addition of the vehicle to his policy. And Farm Bureau acted in reliance on Elzer's misrepresentation by following through and adding the vehicle to the policy's coverage. If Farm Bureau were not permitted to rescind the policy, it would suffer harm as a result of relying on Elzer's knowing, material misrepresentation.

Elzer's admissions supported Farm Bureau's claim to rescind the insurance coverage of the Explorer, warranting summary dismissal of any claim against this insurer. Accordingly, we reverse the circuit court's denial of Farm Bureau's summary disposition motion and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher

-4-