*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT MILLER,

       Plaintiff-Appellee,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

       Defendant-Appellant,

and

JOHN DOE INSURANCE COMPANY and
BRISTOL WEST PREFERRED INSURANCE
COMPANY,

       Defendants.

UNPUBLISHED
July 25, 2024

No. 363600
Wayne Circuit Court
LC No. 21-017415-NF

Before: JANSEN, P.J., and REDFORD and D. H. SAWYER*, JJ.

PER CURIAM.

In this first-party, no-fault case, defendant, the Michigan Automobile Insurance Placement Facility (MAIPF), appeals by leave granted[1] the trial court order granting plaintiff, Robert Miller's, motion for relief from judgment, treating it as a motion for reconsideration, and reversing its earlier grant of summary disposition to the MAIPF under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) and MCR 2.116(C)(10) (no genuine issue of material fact). We vacate the trial court order granting Miller reconsideration and relief from judgment, and remand to the trial court to reinstate the order granting the MAIPF summary disposition.

---

[1] *Miller v Mich Auto Ins Placement Facility*, unpublished order of the Court of Appeals, entered April 18, 2023 (Docket No. 363600).

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Miller was injured in an automobile accident in Louisville, Kentucky. The vehicle, driven by Miller, was covered under a no-fault insurance policy with Bristol West Preferred Insurance Company. The policyholder was Lorraine Brice, who lived with Miller, but was not Miller's relative or spouse. The policy address was located in Detroit, Michigan.

After the accident, Miller was denied benefits from Bristol West because he was not the spouse or relative of the policy holder. Miller then applied for personal injury protection (PIP) benefits through the Michigan Assigned Claims Plan (MACP), maintained by the MAIPF. The MAIPF denied Miller benefits because the accident did not occur in the state of Michigan.

Miller filed suit against the MAIPF, Bristol West, and a yet-to-be named "John Doe Insurance Company."[2] Miller requested that the trial court order the MAIPF to assign his claim to an insurer. The MAIPF moved for summary disposition, arguing that Miller was not entitled to benefits through the MACP because the accident occurred out-of-state. The trial court agreed and granted summary disposition in favor of the MAIPF under MCR 2.116(C)(8) and (C)(10).

The trial court later granted reconsideration[3] of its summary disposition order, and reversed its order granting summary disposition in favor of the MAIPF. The MAIPF moved for reconsideration, which was denied. We granted leave to appeal to determine whether Miller was entitled to recover benefits from the MAIPF for his out-of-state accident. *Miller v Mich Auto Ins Placement Facility*, unpublished order of the Court of Appeals, entered April 18, 2023 (Docket No. 363600).

---

[2] Miller's claim against Bristol West was dismissed in a stipulated order and is not relevant to this appeal. Because the MAIPF never assigned an insurer to Miller's claim, Miller's claim against John Doe Insurance Company is also not relevant to this appeal.

[3] After the order granting summary disposition was entered, Miller moved for relief from judgment under MCR 2.612(C)(1)(f) (catchall provision allowing the court to provide relief for "[a]ny other reason justifying relief from the operation of the judgment."). However, the trial court entered an order granting reconsideration under MCR 2.119(F). We treat the trial court's order as an order granting reconsideration, rather than an order for relief from judgment. "A court's decision to grant a motion for reconsideration is an exercise of discretion." *Kokx v Bylenga*, 241 Mich App 655, 658; 617 NW2d 368 (2000). "As a general matter, courts are permitted to revisit issues they previously decided, even if presented with a motion for reconsideration that offers nothing new to the court." *Hill v City of Warren*, 276 Mich App 299, 307; 740 NW2d 706 (2007). In *Hill*, the plaintiff filed a " 'renewed motion for class certification,' " which the trial court treated as a motion for reconsideration, even though the motion was filed after the deadline to file a motion for reconsideration. *Id*. at 304, 307. This Court explained that trial courts have "explicit procedural authority to revisit an order while the proceedings are still pending and, on that reconsideration, to determine that the original order was mistaken, as the trial court did here." *Id*. at 307.

## II. STANDARDS OF REVIEW

We review "de novo the trial court's grant of summary disposition pursuant to MCR 2.116(C)(8). . . ." *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of a complaint; a court considers only the pleadings when deciding a motion brought under this section. For purposes of reviewing a motion for summary disposition under MCR 2.116(C)(8), all well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. [*Id.* at 509 (quotation marks and citations omitted).]

"We review de novo motions for summary disposition brought under MCR 2.116(C)(10)." *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). "De-novo review means that we review the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted).

> A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

"We review a trial court's decision on a motion for reconsideration for an abuse of discretion." *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Kalaj v Khan*, 295 Mich App 420, 425; 820 NW2d 223 (2012).

"Finally, we review any underlying issues of statutory construction de novo." *Deutsche Bank Trust Co Americas v Spot Realty, Inc*, 269 Mich App 607, 612; 714 NW2d 409 (2005).

> The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language. The first step in that determination is to review the language of the statute itself. Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. . . . When given their common and ordinary meaning, the words of a statute provide the most reliable evidence of its intent. . . . [*Calvert Bail Bond Agency, LLC v St Clair County*, 314 Mich App 548, 550-551; 887 NW2d 425 (2016) (quotation marks and citation omitted).]

### III. ANALYSIS

The MAIPF argues that the trial court erred because Miller was not entitled to benefits from the MAIPF for his out-of-state automobile accident. We agree.

"Generally, pursuant to MCL 500.3114(1), a person must seek personal protection insurance (PIP) benefits from his or her own insurer." *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 298; 876 NW2d 853 (2015). "If no insurance is available, a person may obtain benefits through the Assigned Claims Plan, which serves as the insurer of last priority." *Id*. Under MCL 500.3114(4):

> Except as provided in subsections (2) and (3), a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection insurance policy as provided in subsection (1) shall claim personal protection insurance benefits under the assigned claims plan under sections [MCL 500.]3171 to [MCL 500.]3175. . . .

The MAIPF maintains the MACP. See MCL 500.3171(2) ("The Michigan automobile insurance placement facility shall adopt and maintain an assigned claims plan"). "When an individual cannot obtain no-fault insurance coverage after an accident through ordinary means, the MAIPF fills in the gaps." *Williamson v AAA of Mich*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165131); slip op at 6; see also MCL 500.3301.

Under MCL 500.3172(1):

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle *in this state* may claim personal protection insurance benefits through the assigned claims plan if any of the following apply:
>
> (a) No personal protection insurance is applicable to the injury.
>
> (b) No personal protection insurance applicable to the injury can be identified.
>
> (c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.
>
> (d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. [Emphasis added.]

"Under MCL 500.3172(1), a claimant is ineligible for PIP benefits through the MACP when the claimant's injury arises from an out-of-state accident." *Steanhouse v Mich Auto Ins Placement Facility*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 359576); slip op at 6.

"MCL 500.3114 does not impact [the plaintiff's] eligibility to claim benefits through the MACP." *Id*. at ___; slip op at 9. We recently explained:

> MCL 500.3114(4) instructs that claims for PIP benefits made to the MACP are governed by the provisions of MCL 500.3171 through MCL 500.3175. And these statutory provisions contain their own eligibility requirements. See MCL 500.3172 and MCL 500.3173a. Thus, being in the order of priority does not by itself mean that the MACP is obligated to pay benefits, nor does it automatically mean that [the plaintiff] is eligible for benefits under the MACP's requirements. [*Id*. at ___; slip op at 5.]

In this case, the trial court denied the MAIPF summary disposition, reasoning that Miller was entitled to benefits under MCL 500.3111, despite being precluded from benefits under the plain language of MCL 500.3172(1). We disagree.

"The no-fault act sets forth the circumstances in which benefits are available for out-of-state accidents." *Rednour v Hastings Mut Ins Co*, 468 Mich 241, 244; 661 NW2d 562 (2003); see also MCL 500.3111. Under MCL 500.3111:

> Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions, or Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, the spouse of a named insured, a relative of either domiciled in the same household, or an occupant of a vehicle involved in the accident, *if the occupant was a resident of this state* or if the owner or registrant of the vehicle was insured under a personal protection insurance policy or provided security approved by the secretary of state under section [MCL 500.]3101(5). [Emphasis added.]

We recently addressed the apparent conflict between MCL 500.3111 and MCL 500.3172(1) and held: "MCL 500.3172(1) controls [the plaintiff's] entitlement to benefits." *Steanhouse*, ___ Mich App at ___; slip op at 8.

> MCL 500.3111 broadly provides that PIP benefits are payable to occupants in out-of-state accidents who are Michigan residents, but MCL 500.3172 specifically limits eligibility through the MACP to claims arising from in-state accidents only. When two statutes seemingly conflict, as is the case here, the controlling question is how the Legislature intended for those statutes to interact. [*Id*. at ___; slip op at 7 (quotation marks and citation omitted).]

We explained:

> MCL 500.3111 generally informs claimants of the circumstances under which PIP benefits are payable, while MCL 500.3172 sets forth the eligibility criteria for claimants to seek PIP benefits through the MACP when no insurance is readily applicable and the accident occurs in Michigan. MCL 500.3111 addresses a broader topic within the no-fault act—when PIP benefits are payable for injuries

arising from out-of-state accidents—while MCL 500.3172(1) tackles a narrower issue within that broader topic—whether claimants are eligible to receive PIP benefits through the MACP for injuries arising from out-of-state accidents. [*Id*. at ___; slip op at 8 (quotation marks and citation omitted).]

As the more specific statute, MCL 500.3172(1) controls. *Id*. at ___; slip op at 8. "MCL 500.3114(4) also supports this determination, as it directs MACP claimants to MCL 500.3171 through MCL 500.3175." *Id*. at ___; slip op at 8.

There is no genuine issue of material fact that Miller was injured in an out-of-state accident. Miller's civil traffic collision report and application for MACP benefits clearly state the accident occurred in Louisville, Kentucky. Miller does not claim to be the owner of the vehicle. The vehicle was insured under a policy with Bristol West, but Miller was not the named insured on the policy. Miller was also not a relative or spouse of the named insured. Because the accident occurred outside of Michigan, the MAIPF was entitled to deny Miller's claim for benefits through the MACP.

## IV. CONCLUSION

The trial court erred by reversing its order granting summary disposition in favor of the MAIPF under MCR 2.116(C)(8) and MCR 2.116(C)(10). We vacate the trial court's order granting reconsideration and remand for the trial court to reinstate its order granting summary disposition to MAIPF because Miller was not entitled to benefits from the MACP for injuries sustained in an out-of-state accident. We also vacate the trial court's order denying reconsideration to the MAIPF. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ David H. Sawyer