*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY GRAY,

       Plaintiff-Appellant,

v

ASHTAN MARIE BROWN and FARM BUREAU
GENERAL INSURANCE COMPANY OF
MICHIGAN,

       Defendants,

and

FEDERATED MUTUAL INSURANCE
COMPANY,

       Defendant-Appellee.

UNPUBLISHED
February 09, 2026
9:13 AM

No. 372268
Calhoun Circuit Court
LC No. 2023-001178-NI

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted[1] the trial court's order granting the motion for summary disposition filed by defendant Federated Mutual Insurance Company.[2] We affirm.

---

[1] *Gray v Brown*, unpublished order of the Court of Appeals, entered April 7, 2025 (Docket No. 372268).

[2] This Court's order granting plaintiff's delayed application for leave to appeal also allowed plaintiff to challenge the trial court's order granting a motion for summary disposition filed by defendant Farm Bureau General Insurance Company of Michigan. But, while this appeal was pending, this Court dismissed Farm Bureau as a party to this appeal on the basis of a stipulation filed by the parties. *Gray v Brown*, unpublished order of the Court of Appeals, entered October

-1-

## I. BACKGROUND

This case arises out of an automobile accident in which plaintiff was standing outside of a tanker truck when he was struck by a vehicle driven by defendant Ashtan Marie Brown. Plaintiff testified that, at the time of the accident, he was working as a tanker-truck driver for Watkins Oil Company, Inc. This job entailed loading the tanker truck with gas, driving it to a gas station, and unloading the gas into the gas station's underground storage tank. Plaintiff testified that right before he was hit, he had just finished unloading the gas from the tanker truck and was in the process of removing "the drop head, which is what connects to the below ground tank." He described the accident as follows:

> So I'm standing, so if you picture yourself standing up, I was bent over at a 90 degree angle, you know, from my, from my hips. So I'm at a 90 degree angle with my right hand hanging on the, on the tray of the tanker, so on the side of the truck basically. My left hand, there's like a hand grip on the drop spout. I just pulled it off the tank, and you got about, oh probably anywhere from six to twelve inches from inside of the ground to the level of the parking lot. I just had started to pulling it up, bam, got crushed. And then I remember seeing the spout just laying there. So I didn't, I didn't make it all the way to cap the tank.

When plaintiff was hit, he had both his feet planted on the ground, and he was bending over to remove the drop head. Plaintiff estimated that he had been out of the tanker truck for about half an hour before he was hit.

Brown—the driver of the vehicle that hit plaintiff—admitted that, at the time of the accident, the insurance policy for the car she was driving had lapsed due to nonpayment, so the car was not insured. The tanker truck that plaintiff was touching when he was hit was owned by Watkins Oil and insured by Federated Mutual, and Federated Mutual's policy provided uninsured-motorist benefits. The "named insured" on this policy was "Watkins Oil," and the uninsured-motorist portion of the policy stated that, if the "named insured" on the policy was a "corporation or any other form of organization," then the uninsured-motorist coverage applied to "[a]nyone 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.' " As used in this portion of the policy, "occupying" meant "in, upon, getting in, on, out or off."

Plaintiff's complaint giving rise to this action sought, in relevant part, to collect uninsured-motorist benefits from Federated Mutual under this policy. Federated Mutual moved for summary disposition under MCR 2.116(C)(8) and (10), contending that plaintiff was not entitled to uninsured-motorist benefits under the at-issue policy because, when the accident occurred, plaintiff was not "occupying" the tanker truck. Federated Mutual posited that, viewing the evidence in the light most favorable to plaintiff as the nonmoving party, plaintiff was standing with his feet on the ground next to the tanker truck with only a hand touching the truck when he was struck by Brown's vehicle. Federated Mutual argued that, under these facts, plaintiff was clearly not "in" or "getting

---

14, 2025 (Docket No. 372268). Now, only the trial court's order granting Federated Mutual's motion for summary disposition is at issue.

in, on, out or off" the tanker truck, so the only question was whether plaintiff was "upon" the tanker truck when the accident occurred. And Federated Mutual contended that plaintiff was clearly not "upon" the tanker truck when the accident occurred because he was merely touching the vehicle with one hand. In support of its argument that this minimal contact was not enough to establish that plaintiff was "upon" the tanker truck so as to be "occupying" it, Federated Mutual directed the trial court's attention to *Westfield Ins Co v Ken's Serv*, 295 Mich App 610; 815 NW2d 786 (2012). There, the Court of Appeals addressed identical policy language and concluded that the plaintiff was not "occupying" a tow truck when "he had both hands on it and was leaning against the tow truck for balance and support at the moment of impact." *Id*. at 617-618. On the strength of *Westfield* and its similarity to the instant facts, Federated Mutual asked the court to conclude that plaintiff was not "occupying" the tanker truck at the time of the accident, so he was not entitled to uninsured-motorist no-fault benefits from Federated Mutual.

In response, plaintiff agreed that, at the time of the accident, he was bending over with one hand on the tanker truck and the other on the drop head. But, according to plaintiff, these facts established that plaintiff was "upon" the tanker truck at the time of the accident because his hand was "on" the truck. Plaintiff concluded that, because he was "on" the tanker truck, he was "occupying" the vehicle, and thus fit the definition of an "insured" in the uninsured-motorist portion of Federated Mutual's policy.

After a hearing, the trial court issued an opinion and order granting Federated Mutual's motion for summary disposition. The court first noted that it was undisputed that, at the time of the accident, both of plaintiff's feet were on the ground, and he had one hand on the drop head and the other hand on the tanker truck. The court found the similarity between these facts and the facts of *Westfield* "compelling," and it concluded that, similar to the plaintiff in *Westfield*, plaintiff here was not "occupying" the tanker truck when he had both feet on the ground and only had one hand on the vehicle. The court accordingly concluded that plaintiff was not covered by the uninsured-motorist portion of Federated Mutual's policy, and it dismissed the portion of plaintiff's complaint requesting those benefits from Federated Mutual.

This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision to grant or deny summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). While the trial court did not specify whether it was granting Federated Mutual's motion under either MCR 2.116(C)(8) or (C)(10), the court considered evidence outside the pleadings, therefore it clearly granted Federated Mutual's motion under MCR 2.116(C)(10). See *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A (C)(10) motion is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10).

III. ANALYSIS

At issue is plaintiff's claim for uninsured-motorist benefits under the policy that Federated Mutual issued to Watkins Oil. Because uninsured-motorist coverage "is not compulsory coverage mandated by the no-fault act," the coverage is "purely contractual," meaning the extent of the coverage provided is controlled by the plain language of the policy providing the coverage "without reference to the no-fault act." *Rory v Continental Ins Co*, 473 Mich 457, 465-466; 703 NW2d 23 (2005).

It is undisputed that the tanker truck that plaintiff was touching when he was hit by Brown was insured by a policy issued by Federated Mutual. Watkins Oil was the "named insured" on this policy. The uninsured-motorist portion of the policy stated that, if the "named insured" was a "corporation or any other form of organization," then the coverage applied to "[a]nyone 'occupying' a covered 'auto' . . . ." As used in this portion of the policy, "occupying" was defined as "in, upon, getting in, on, out or off." The question on appeal is whether, at the time of the accident, plaintiff was "occupying" the tanker truck, i.e., whether he was "in, upon, getting in, on, out or off" the tanker.

As the parties note, this same policy language has been interpreted by Michigan appellate courts multiple times. In *Rohlman v Hawkeye-Security Ins Co*, 207 Mich App 344, 351; 526 NW2d 183 (1994), rejected in part by *Rednour v Hastings Mut Ins Co*, 468 Mich 241; 661 NW2d 562 (2003), it was uncontested that the plaintiff was not "in" the covered auto, and the question on appeal was whether the plaintiff was "upon, getting in, on, out or off" the auto. The *Rohlman* Court explained the proper way to interpret the "getting in, on, out or off" language as follows:

> Because the parties could not realistically have intended that any stranger who is injured in an accident involving the covered vehicle and an uninsured motorist would be occupying the covered auto if it could only be shown that the stranger was somewhere "off" the vehicle, or "out" of the vehicle, we conclude that the words "out or off" must be read in connection with the preceding word "getting." If the injured person were "getting out or off" the covered auto, then the person would be considered to be "occupying" it. Similarly, we conclude that the word "on," following "getting in" and preceding "out or off," must also be considered together with the word "getting" in order to distinguish it from the word "upon," commonly used as the equivalent of "on." *The Random House College Dictionary*, Revised Edition (1988). [*Rohlman*, 207 Mich App at 351.]

In other words, *Rohlman* concluded that "getting" modified "in, on, out or off," so a person was "occupying" a vehicle under this policy language if they were getting in, getting on, getting out of, or getting off of a covered auto. The plaintiff in *Rohlman* was clearly not getting in, on, out of, or off the covered auto, so the "plaintiff would be entitled to uninsured motorist benefits only if he could show that he was 'upon' the [covered auto] at the time of the accident." *Id*. at 351-352.

The *Rohlman* Court then surveyed various definitions of "upon" from two dictionaries and concluded that, while "upon" could be defined as "approximate contact . . . with" or "in close proximity . . . with," those definitions were not suitable for "upon" as used in the policy. *Id*. at 356. Such an interpretation of "upon," *Rohlman* explained, "would provide (and require payment

for) supplemental coverage in the form of uninsured motorist benefits for anyone who happens to be near the covered auto and injured when the auto is struck by an uninsured motorist even though the person has no connection with the owner, named insured, or covered vehicle." *Id*. at 357.

But, at the same time, the *Rohlman* Court was not persuaded that use of the word "upon" required "that an object or person be positioned so that the object or person is totally and completely in contact with or supported by the underlying object or person." *Id*. at 357. While the *Rohlman* Court did not arrive at a conclusive definition of "upon," the Court concluded that "the term 'upon' in the definition of 'occupying' means, at a minimum, some physical contact with the covered auto." *Id*. Accordingly, the Court held that "[a] person seeking uninsured motorist benefits by claiming to be 'upon' a covered auto must show that there was physical contact between the person and the covered auto when the injury occurred." *Id*.

Our Supreme Court revisited the same at-issue definition of "occupying" about a decade later in *Rednour v Hastings Mut Ins Co*, 468 Mich 241, 244; 661 NW2d 562 (2003). The *Rednour* Court affirmed much of *Rohlman*'s interpretation of how to define "occupying" as used in the policy (including that it was proper to define "upon" as "on" or "up and on"), but it rejected *Rohlman* to the extent that it "suggest[ed] physical contact alone may be sufficient to show that the person was 'upon' the vehicle so as to be 'occupying' the vehicle." *Id*. at 250; *id*. at 250 n 3. The Court explained that "[p]hysical contact by itself does not . . . establish that a person is 'upon' a vehicle such that the person is 'occupying' the vehicle." *Id*. at 249-250. In a footnote, the Court elaborated that it was rejecting the *Rohlman* Court's broad definition of "upon" because the word had to "be interpreted in the context of the word that [it is] defining: 'occupying.' " *Id*. at 250 n 2. And the Court explained that "however broadly 'on' and 'upon' are defined," a person had to be doing more than physically touching a vehicle to be "occupying" it. *Id*. The *Rednour* Court did not, however, provide any further guidance as to what "upon" means when used to define "occupying."

About a decade after *Rednour*, this Court in *Westfield*, 295 Mich App 610, revisited what "upon" means in the at-issue definition of "occupying." As noted above, the plaintiff in *Westfield* "had both hands on [the tow truck] and was leaning against [it] for balance and support at the moment of impact." *Id*. at 617. The *Westfield* Court held that, on these facts, there was no genuine issue of material fact that plaintiff was not "upon" the tow truck so as to be "occupying" it because "physical contact alone may [not] be sufficient to show that the person was 'upon' the vehicle so as to be 'occupying' the vehicle." *Id*, quoting *Rednour*, 468 Mich at 250 (quotation marks omitted). And the Court concluded that it was otherwise clear that plaintiff was not "getting in, on, out, or off the vehicle," so it held that he "was not 'occupying' the vehicle when he sustained bodily injury." *Id*. at 618. Like the other cases, however, the *Westfield* Court did not offer a clear definition as to what "upon" means when used to define "occupying."

Returning to the instant case, plaintiff was obviously not "in" the tanker truck when the accident occurred, nor was he getting in, getting on, getting out of, or getting off the tanker truck when he was hit by Brown's vehicle. See *Rohlman*, 207 Mich App at 351 (explaining how to interpret the "getting in, on, out or off" language of the at-issue definition of "occupying"). So, the only question is whether plaintiff was "upon" the tanker truck so as to be "occupying" it. Despite the lack of definitive guidance as to what "upon" means when used to define "occupying," we hold that, given how this Court and our Supreme Court have construed the term when used in

this context, there is no genuine issue of material fact that plaintiff was not "upon" the tanker truck so as to be "occupying" it when he was struck by Brown's vehicle.

The parties agree that, when the accident occurred, plaintiff was outside of the tanker truck with both feet planted on the ground, with only his hand touching the tanker truck. As *Rednour* explained, "Physical contact by itself does not . . . establish that a person is 'upon' a vehicle such that the person is ' occupying' the vehicle." *Id*. at 249-250. And, as *Rednour* further cautioned, regardless of how expansive a definition of "upon" one can find, that word still "must be interpreted in the context of the word that [it is] defining: 'occupying.' " *Id*. at 250 n 2. With this in mind, it simply cannot be said that a person with one hand on a vehicle was "upon" the vehicle so as to be "occupying" it. This is especially true considering that plaintiff here was even less "upon" the tanker truck than the plaintiff in *Westfield* was "upon" his tow truck—again, the plaintiff in *Westfield* "had both hands on [the tow truck] and was leaning against [it] for balance and support at the moment of impact." *Westfield*, 295 Mich App at 617. If, under *those* facts, there was no genuine issue of material fact that the plaintiff was not "upon" the tow truck so as to be "occupying" it, then there is certainly no genuine issue of material fact that plaintiff here—who had only one hand touching the tanker truck when he was hit—was not "upon" the tanker truck so as to be "occupying" it.

Plaintiff on appeal questions the correctness of *Westfield*, claiming that *Westfield*'s reliance on *Rednour* was improper because the person injured in *Rednour* "was not in contact at all with the vehicle." Starting with *Rednour*, plaintiff's argument misunderstands what the parties in that case argued and what the *Rednour* Court actually decided.

The plaintiff in *Rednour* was injured when he was hit while in the process of changing a tire on his vehicle. *Rednour*, 468 Mich at 242. When the plaintiff was struck by the other vehicle, he was "approximately six inches from" his car, but the collision "threw [the plaintiff] against the car he had been driving, injuring him." *Id*. As *Rednour* was decided at the summary-disposition stage, see *id*. at 243, the Court treated as true plaintiff's claim that he was injured when he hit his car after being struck, *id*. at 249. See also *id*. at 250 n 4 ("We have considered the evidence in the light most favorable to plaintiff, the nonmoving party, as we must when reviewing an order granting or denying summary disposition pursuant to MCR 2.116(C)(10)."). And the Court held that, accepting as true that plaintiff was injured when he was thrown into his vehicle, there was still no genuine issue of material fact that the plaintiff was not "occupying" his vehicle because physical contact alone was not enough. *Id*. at 249-250. It follows that plaintiff's claim on appeal that "the person injured [in *Rednour*] was not in contact at all with the vehicle" is simply inaccurate.

To the extent that plaintiff argues that *Westfield* was wrongly decided, even if plaintiff is correct, it would not change our conclusion. While *Rohlman* held that at least *some* amount of physical contact is necessary to be considered "upon" a vehicle, *Rohlman*, 207 Mich App at 357, *Rednour* explained that physical contact alone was not enough to "establish that a person is 'upon' a vehicle such that the person is ' occupying' the vehicle," *Rednour*, 468 Mich at 249-250. Having only one hand on a vehicle like plaintiff did here is about the least amount of physical contact that someone can have with a vehicle, and it is substantially less contact than the plaintiff in *Westfield* had with his tow truck. See *Westfield*, 295 Mich App at 617 (explaining that the plaintiff was leaning on his tow truck for balance and support when he was hit). So, casting *Westfield* aside, we

would still conclude that, in light of *Rednour*'s explanation for how the at-issue policy language should be interpreted, plaintiff was not "occupying" the vehicle when he was hit by Brown's car. When plaintiff was hit by Brown's car, both of his feet were planted on the ground, and only one hand was touching the tanker truck. On such facts, no one could conclude that plaintiff was "upon" the tanker truck so as to be "occupying" it. See *Rednour*, 468 Mich at 250 n 2 (explaining that "'on' or 'upon' must be interpreted in the context of the word that they are defining: 'occupying' "). Accordingly, regardless of *Westfield*, we would conclude that plaintiff was not "occupying" the tanker truck when he was hit by Brown's car.

That said, this Court is bound to follow *Westfield* even if it was wrongly decided, see MCR 7.215(J)(1), and *Westfield* only strengthens our conclusion that plaintiff was not "occupying" the tanker truck at the time of the accident. And because plaintiff was not "occupying" the tanker truck at the time of the accident, he was not an "insured" under the uninsured-motorist portion of Watkin Oil's policy with Federated Mutual.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica